■ JOSEPH FONTENELLE, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 64977.) — Appeal from an order of the Court of Claims (Murray, J.), entered April 7, 1981, which granted the State's motion to dismiss the claim. Claimant moved, in January, 1980, for permission to file a late claim. The motion was denied in February, 1980, without prejudice to renewal upon proper papers containing further explanation as to the reason for not filing timely and further alleging the cause of action with greater clarity. Claimant renewed his motion in July, 1980 and permission to file a late claim was granted in November, 1980. Such permission was conditioned as follows: "Movant shall, however, redraft its proposed claim to eliminate all other parties defendant, other than The State of New York, and shall further redraw the proposed claim to eliminate any reference to individuals or facilities which are not parties defendant by any reference to them in that capacity. Movant shall further include a demand for a monetary sum of damages within the claim which is to be filed in accordance with the Court of Claims Act and the Rules of this Court." The redrafted claim, filed in January, 1981, contained a demand for a monetary sum of damages and deleted certain parties defendant. However, it listed as a party defendant not only the State of New York, but also the Department of Correctional Services and the Great Meadow Correctional Facility. Based upon this and other alleged defects in the claim, the State moved to dismiss. Its motion was granted and this appeal ensued. In our view, none of the defects in the claim are such that dismissal is required. The additional parties defendant are merely State agencies that were already included by the naming of the State, which is the real party defendant. Such surplusage does not constitute a fatal defect. Unlike the original claim, the revised claim does not name non-State entities as parties defendant. Next, while poorly drafted, the claim does indicate when and where the cause of action arose with sufficient definiteness to enable the State to investigate the claim properly and to ascertain its liability under the circumstances, which is what is required by section 11 of the Court of Claims Act (*Heisler v State of New York*, 78 AD2d 767). The allegation in the revised claim that the claim was timely filed, although technically incorrect since the claim was filed late with court permission, is of no consequence since all parties and the court were well aware of the claim's procedural history. Finally, the failure to include the name and address of claimant's counsel is not a fatal defect since the same counsel has represented claimant throughout the entire matter. In sum, there is nothing to indicate that the defects in the revised claim were the result of some conscious disregard of the court's rules or the prior decision, rather than inartful draftsmanship. Nor is there anything in the record to suggest that claimant or his counsel has intentionally engaged in delaying tactics or that the State has been prejudiced by any of the defects. While the defects easily could have been avoided, they are not such that counsel's inattention to detail should result in dismissal of the claim on the merits. Order reversed, on the law and the facts, without costs, and motion to dismiss claim denied. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.