■ ELAINE M. RIZZO et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 70532.)—Casey, J. Appeal from a judgment in favor of claimants, entered May 26, 1987, upon a decision of the Court of Claims (Lyons, J.).

On November 14, 1984, at approximately 8:30 A.M., claimant Elaine M. Rizzo was driving a vehicle owned by her husband, claimant John A. Rizzo, across the 112th Street Bridge which spans the Hudson River between the City of Troy, Rensselaer

County, and the City of Cohoes, Albany County. At that time, the center portion of the bridge that lifts to allow water vessels to pass underneath was composed of steel grating which had a "hump" in the center of the bridge where the lift spans met. According to claimants' civil engineer, this design produces a slight launching effect in vehicles using the bridge, which at that point "tend to rise up in their suspension then settle down, and then rebound and then continue on in a normal fashion". The steel grating was said to give off heat rapidly and result in the freezing of any precipitation or moisture when the temperature dropped below freezing. The speed limit on the bridge was 30 miles per hour, and at each end of the bridge was a sign, testified to be directed chiefly at motorcycles, which read "steel deck bridge". Although the macadam portion of the bridge was clear of snow and ice, the weather was cold and the police report stated that the metal grating was icy.

According to Mrs. Rizzo and a witness, who was following her, she had been proceeding at about 25 to 30 miles per hour and started to lose control of her vehicle when she reached the steel grating of the bridge. The rear end fish-tailed and struck the right curb of the bridge, causing Mrs. Rizzo's vehicle to veer over into the oncoming lane and hit a vehicle proceeding in that lane head on. Thereafter, claimants filed a notice of claim against the State claiming that the accident resulted from the State's negligence, that physical, mental and emotional injuries were sustained by Mrs. Rizzo, and that Mr. Rizzo sustained property damage to his automobile. In response to the State's demand for a bill of particulars, Mr. Rizzo set forth, for the first time, a claim of loss of his wife's services and property damage to the extent of the $100 deductible in his insurance policy.

Following the testimony as outlined above, the State moved for dismissal for claimants' failure of proof. The Court of Claims denied the motion and subsequently found the State guilty of negligence in failing to provide proper warning signs. The court awarded Mrs. Rizzo $35,000 but reduced her award by 50% based on a finding of her unreasonable rate of speed considering the conditions. The court awarded Mr. Rizzo $3,500 for his wife's medical expenses, $3,500 for loss of services and consortium, and $1,222 property damage to his vehicle. The State appealed, contending no negligence on its part. We disagree.

The State has a duty to warn users of its highways of existing hazards and such warnings must be reasonably ade-

quate for the intended purpose *(Hicks v State of New York,* 4 NY2d 1; *Wingerter v State of New York,* 79 AD2d 817, *affd* 58 NY2d 848). Whether a particular warning sign is adequate with respect to a particular danger is a question of fact in each case *(Turner v County of Clinton,* 285 App Div 210, *lv dismissed* 308 NY 1011). In our view, the "steel deck bridge" sign was inadequate to warn users of the bridge of the probable hazardous and icy conditions present during cold weather. A more specific warning was necessary here, since the grating prevented proper salting because the salt fell through the grates. The Court of Claims found, as a matter of fact, that this failure to warn was a proximate cause of the accident and we find no reason to disturb that finding, or the amount of damages awarded to Mrs. Rizzo.

We further believe that the notice of claim filed on behalf of Mr. Rizzo was sufficient to support the award made to him by the Court of Claims. Although Mr. Rizzo alleged no cause of action for loss of services and consortium in his notice of claim, this cause of action is so inextricably interwoven with the derivative cause of action brought for the medical expenses incurred on behalf of his wife as to cause no surprise or prejudice to the State, and constituted substantial compliance with Court of Claims Act § 11 *(see, Fontenelle v State of New York,* 90 AD2d 929; *Heisler v State of New York,* 78 AD2d 767). It is also significant that the State voiced no objection at the beginning of the trial when, in response to an inquiry by the court as to whether there was a claim for loss of consortium, claimants' counsel explained that a claim for loss of services was included in the bill of particulars. We, therefore, affirm the total award made to claimants by the Court of Claims.

Judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.