■ MARILYN BRATH, as Executrix of MARY T. KIERMAN, Deceased, Respondent, v KENMORE MERCY HOSPITAL, Appellant. [605 NYS2d 1017] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Upon reviewing plaintiff's complaint and the bill of particulars, we conclude that the allegations therein state claims sounding in medical malpractice *(see, Bleiler v Bodnar,* 65 NY2d 65). Those allegations challenge the hospital's assessment of the supervisory and treatment needs of its patient by failing to secure the decedent in her bed and to monitor and supervise the decedent's movements sufficiently *(see, Scott v Uljanov,* 74 NY2d 673). Thus, Supreme Court should have required plaintiff to serve a certificate of merit as required under CPLR 3012-a and further, to file a notice of medical malpractice claim as required under CPLR

3406 (a) *(see, Seidensticker v Huntington Hosp.,* 194 AD2d 718). In addition, the ad damnum clause must be stricken *(see,* CPLR 3017 [c]; *Rice v Vandenebossche,* 185 AD2d 336).

Consequently, (1) plaintiff's motion to strike defendant's second affirmative defense is denied; (2) defendant's cross motion is granted in part by directing plaintiff to serve a certificate of merit and file a notice of medical malpractice claim within 30 days after service upon her of the order of this Court with notice of entry; and (3) the ad damnum clause is stricken from the complaint. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Strike Affirmative Defense.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.