■ LEVI EPPS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 82491.) [606 NYS2d 64] —Yesawich Jr., J. Appeal from an order of the Court of Claims (Bell, J.), entered January 12, 1993, which, *inter alia,* granted claimant's motion to strike the State's first two affirmative defenses.

Claimant, an inmate at three different State correctional facilities from January 1988 until June 26, 1990, seeks to recover for allegedly negligent medical care he received during that time period. After the claim was filed the State answered, asserting, among other affirmative defenses, that the notice of intention to file a claim filed by claimant on September 25, 1990 failed to meet the requirements of Court of Claims Act § 11 (b) and, therefore, the Court of Claims was without jurisdiction over the claim to the extent that it accrued before November 22, 1990, 90 days prior to the filing of the claim itself. Claimant successfully moved to have these affirmative defenses struck and the State appeals.

We affirm. A notice of intention to file a claim does not serve the same purpose as the claim itself, and for that reason need not meet the more stringent requirements imposed upon the latter *(see, Murray v State of New York,* 202 App Div 597, 599). It is enough if the notice of intention relates the "general nature of the claim"—a cause of action need not be stated —and provides sufficient detail to enable the State to investigate *(Schwartzberg v State of New York,* 121 Misc 2d 1095, 1099-1100, *affd on opn below* 98 AD2d 902).

Where, as here, the alleged negligence was ongoing, and assertedly involved omissions rather than affirmative acts, the recitation in the notice of the range of dates, along with the three correctional facilities where claimant was treated, is sufficiently specific to permit the State to investigate the claim, for example by reviewing the pertinent records and interviewing the personnel involved *(see, Murray v State of New York, supra,* at 599). By stating that the claim involves the failure of the State's agents and employees "to diagnose claimant's medical condition" and "their intentional refusal to permit claimant to receive proper treatment for his medical condition", the notice provides ample description of the particular manner in which the State was allegedly negligent.

Mikoll, J. P., Crew III, White and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.