SCOTT RIEFLER, Appellant, v STATE OF NEW YORK, Respondent. [645 NYS2d 556] —Spain, J. 

Claimant was an inmate at Elmira Correctional Facility in Chemung County in October 1993 when he slipped and fell, allegedly sustaining personal injuries. Claimant served a notice of intention to file a claim (hereinafter notice of intention) on January 19, 1994, asserting that his injuries were caused by the State's negligence in allowing what he believed to be orange juice to be present on "a certain stairway". On January 21, 1994, claimant filed and served his claim, alleging that he had slipped on liquid soap on the floor area "while walking from his cellblock to the telephone".

In its answer, the State raised the affirmative defense that both the notice of intention and the claim were in violation of Court of Claims Act § 11 (b) due to claimant's failure to describe with sufficient particularity the location of the accident. The Court of Claims agreed, dismissing the claim and denying claimant's cross motions seeking, *inter alia*, leave to file a late notice of intention. Claimant appeals.

Court of Claims Act § 11 (b) requires that the notice of intention and the claim must state "the place where such claim

arose". In essence, there must be a sufficiently detailed description to enable the State to investigate the claim and promptly ascertain the existence and extent of its liability (*see, Bowles v State of New York*, 208 AD2d 440, 442-443; *Heisler v State of New York*, 78 AD2d 767). The vague and contradictory description of the accident scene in claimant's initial submissions made it impossible for the State to determine the situs of claimant's fall, having been described by claimant as occurring both on "a certain stairway" and on the "floor area" somewhere between his cellblock and a telephone.

We reject claimant's contention that he should have been granted leave to file a late notice of claim. The Court of Claims has the discretionary power to permit late filings if, *inter alia*, (1) the State has had the opportunity to investigate the claim, (2) the delay will not result in substantial prejudice, and (3) the claim appears to have merit (*see,* Court of Claims Act § 10 [6]). Here, the State had insufficient information regarding the location of claimant's fall until it received his bill of particulars, eight months after the incident, when it was too late to ascertain the cause thereof. We conclude that the delay resulted in significant prejudice to the State.

Claimant has also failed to establish that his case has merit, having failed to make the requisite showing that the State had either actual or constructive notice of the alleged hazardous condition which would have enabled it to remedy the situation prior to the accident (*see, Sierra v State of New York*, 202 AD2d 491; *Condon v State of New York*, 193 AD2d 874, 875). We conclude that the denial of claimant's motion for leave to file a late notice of intention did not constitute an abuse of discretion.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.