■ RICHARD FERRUGIA, Appellant, v STATE OF NEW YORK, Respondent. [655 NYS2d 174] —Cardona, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered January 26, 1996, which, *inter alia*, granted the State's cross motion to dismiss the claim.

On September 4, 1993, claimant, a State prison inmate, allegedly injured his back while performing his duties as a porter by carrying trays of food up a flight of stairs. Claimant timely served a notice of intention to file a claim on November 24, 1993 asserting that although normally 10 people carried food trays, "[o]n this occasion, only three * * * porters were available and the load was very heavy". On June 14, 1995, claimant filed his claim alleging that when another inmate porter slipped on the stairs, claimant's "heavy load shifted and caused [claimant] to seriously injure his back". In its answer, the State contended that the notice of intention was defective because it failed to adequately state the nature of the claim and where it arose. The State also contended that because the claim had not been filed within 90 days of its accrual, the Court

of Claims lacked jurisdiction over the case.* Claimant filed a motion requesting, *inter alia*, that the State's affirmative defenses raising these issues be stricken and that the claim be held to be timely. The State cross-moved to dismiss the claim. The Court of Claims granted the cross motion and claimant appeals.

We reverse. Court of Claims Act § 11 (b) requires that a claim "state the time when and place where [the] claim arose, the nature of same, and the items of damage or injuries claimed * * * and the total sum claimed". A notice of intention should set forth the same information "except that the items of damage or injuries and the sum claimed need not be stated" (*id.*). Because the notice of intention does not serve the same purpose as the claim itself, it does not have to meet the "more stringent requirements imposed upon the latter" (*Epps v State of New York*, 199 AD2d 914). As long as the notice of intention sufficiently sets forth the general nature of the claim with enough detail to enable the State to investigate, it is unnecessary that a cause of action be stated (*see, id.*, at 914).

In our view, by stating that he was injured while carrying food trays that were heavier than normal on a flight of stairs because fewer people were working, claimant set forth sufficiently specific facts to permit the State to investigate the claim. This is true even accepting that it may have been poorly drafted (*see, Fontenelle v State of New York*, 90 AD2d 929). The manner in which claimant was injured was stated as was the location of the injury, and how the State was negligent can be reasonably inferred (*see, Heisler v State of New York*, 78 AD2d 767). Specifically, it is apparent from the notice of intention that claimant is alleging that the State negligently allowed a dangerous situation to be created by overburdening the inmate porters and this conclusion is not altered by the additional information included in the notice of claim.

Thus, insofar as claimant substantially complied with the statutory requirements, the notice of intention was not defective (*see, id.*, at 767). Accordingly, we conclude that claimant's notice of intention was valid and, therefore, his motion requesting that his claim be held to be timely should have been granted.

---

* A claimant is required to file a claim within 90 days of its accrual unless the claimant first files a notice of intention to file a claim within that time frame. If the latter occurs the claimant then has two years to file a claim (Court of Claims Act § 10 [3]). Thus, if in this case the State was correct in its contention that the notice of intention was invalid, then claimant's claim was not timely filed.

In light of this conclusion, it is not necessary to address the parties' remaining arguments.

Crew III, White, Casey and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, cross motion denied, and the sixth and seventh affirmative defenses in the answer are dismissed.