■ TONY RHODES, Appellant, v STATE OF NEW YORK, Respondent. [665 NYS2d 763] —Crew III, J. Appeal from an order of the

Court of Claims (Hanifin, J.), entered January 22, 1997, which, *inter alia*, granted the State's motion to dismiss the claim.

On November 6, 1995, while an inmate at Woodbourne Correctional Facility in Sullivan County, claimant was stabbed during an altercation between two other inmates. In conjunction with this incident, claimant timely filed a notice of intention to file a claim on February 2, 1996. Thereafter, on or about May 28, 1996, claimant filed his claim alleging, *inter alia*, that the State failed to adequately supervise the inmates at the correctional facility at the time of the incident. The State answered and asserted, among other affirmative defenses, that the notice of intention was deficient in that it failed to adequately state the "time when and place where" the claim arose (Court of Claims Act § 11 [b]) and, hence, the Court of Claims lacked jurisdiction. The State thereafter moved to dismiss the claim and claimant cross-moved for permission to file a late notice of claim in the event that the notice of intention was deemed to be defective. The Court of Claims granted the State's motion and denied claimant's cross motion, and this appeal by claimant ensued.

It is well settled that "[a] notice of intention to file a claim does not serve the same purpose as the claim itself, and for that reason need not meet the more stringent requirements imposed upon the latter" (*Epps v State of New York*, 199 AD2d 914; *see, Ferrugia v State of New York*, 237 AD2d 858, 859). All that is required is that the notice of intention set forth the general nature of the claim with sufficient detail to permit the State to investigate (*see, id.*).

Here, claimant's notice of intention specified the date and general location of the incident, described the manner in which claimant was injured and set forth the factual basis for the State's alleged negligence and, as such, was sufficient to provide the State with the opportunity to investigate the claim and to reasonably infer the basis for its alleged liability (*see, Ferrugia v State of New York, supra*, at 859). Our conclusion in this regard is not altered by the fact that claimant's notice of intention did not specify the precise location where the incident occurred within the confines of the correctional facility or identify the correction officer who allegedly left his assigned post, as the notice of intention nonetheless provided sufficient details to permit a prompt investigation into the incident (*compare, Riefler v State of New York*, 228 AD2d 1000 [impossible for State to determine situs of accident given the claimant's vague and contradictory description thereof]). In view of this holding, we need not address the parties' remaining contentions.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to claimant, by reversing so much thereof as granted the motion; motion denied and the first affirmative defense in the answer is dismissed; and, as so modified, affirmed.