■ SHARON A. SEGA et al., Appellants, v STATE OF NEW YORK, Respondent. [668 NYS2d 56] —Peters, J. Appeals (1) from an order of the Court of Claims (Hanifin, J.), entered April 23, 1996, which, *inter alia,* granted the State's cross motion to dismiss the claim, and (2) from an order of said court, entered April 22, 1997, which denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On January 31, 1994, at approximately 7:40 A.M., claimant Sharon A. Sega (hereinafter claimant) stopped her van on State Route 7 in the Town of Richmondville, Schoharie County, due to the presence of several Department of Transportation (hereinafter DOT) vehicles and employees clearing snow and ice from the road. After stopping approximately 20 feet behind a pickup truck, also awaiting the resumption of traffic, claimant was struck from behind by a third vehicle.

A State Trooper responded to the scene of the accident and completed an accident report which indicated that both claimant and the pickup truck were stopped by a DOT flagger. The report further indicated that the driver of the third vehicle indicated that he "could not see due to the glare from the sun".

Claimant, and her husband derivatively, filed a notice of intention to file a claim on March 18, 1994. In December 1994, claimants filed a verified complaint which alleged that the State had been negligent in failing to properly warn motorists of the location of DOT employees. The State's answer asserted several affirmative defenses, including that claimants failed to adequately identify the place of the accident as required under Court of Claims Act § 11 (b). Claimants moved to dismiss this affirmative defense and the State filed a cross motion to dismiss the claim pursuant to Court of Claims Act §§ 10 and 11. In the cross motion, the State further moved to dismiss the notice of intention to file a claim for failure to set forth any basis upon which the claim was brought. The Court of Claims granted the State's cross motion.

Claimants thereafter unsuccessfully moved for leave to file a late notice of claim pursuant to Court of Claims Act § 10 (6). In the proposed claim, they reiterated their cause of action alleging negligence but now added an allegation concerning negligent design of the roadway. In support thereof, claimants' engineering expert, John Serth, opined that the State had failed to provide proper flagging and had negligently designed the road so that it necessitated snow and ice removal. Claimants appeal both the granting of the State's cross motion and the denial of the request to file a late notice of claim.

Claimants' notice of intention stated as follows:

"The time when and the place where such claim arose and the nature of the same are as follows: January 31, 1994 at approximately 7:40 am on Route 7 West of the Village of Richmondville, in the Town of Richmondville, County of Schoharie.

"The items of damage or injuries sustained are as follows: Severe neck injuries, multiple contusions and sprains, loss of consortium, lost wages, property damage, pain and suffering and related losses and damages.

"The total sum claimed is One Million Dollars."

It is by now well settled that pursuant to Court of Claims Act § 11 (b), a claimant is required to provide "a sufficiently detailed description [of the place where the claim arose] to enable the State to investigate * * * and promptly ascertain the existence and extent of its liability" (*Riefler v State of New York*, 228 AD2d 1000, 1001). However, "[e]very element in a notice of intention need not be set forth with formalistic rigidity and it should not be scrutinized as strictly as a pleading" (*Cannon v State of New York*, 163 Misc 2d 623, 626).

Claimants' reliance upon *Epps v State of New York* (199 AD2d 914) and *Cannon v State of New York* (*supra*, at 626) is misplaced as the location at issue here is an open public roadway. Since the notice provided was not reasonably specific so as to enable the State to "conduct a meaningful investigation" (*id.*, at 626), we find no basis to disturb the court's determination of insufficiency. Moreover, the notice failed to provide a general nature of the claim (*see, Ferrugia v State of New York*, 237 AD2d 858; *Cannon v State of New York*, *supra*), with not even a hint indicating "the manner in which the claimant was injured and how the State was negligent" (*Heisler v State of New York*, 78 AD2d 767, 767-768).

Turning to the denial of claimants' application to file a late notice of claim, "it is well settled that the Court of Claims' broad discretion in this area should be disturbed only in the face of clear abuse" (*Calco v State of New York*, 165 AD2d 117, 119, *lv denied* 78 NY2d 852). Upon our review, we find that the court appropriately considered the factors enumerated in Court of Claims Act § 10 (6), noting the long-standing policy that no single factor will be controlling (*Calco v State of New York*, *supra*).

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.