█ ESTHER RODRIGUEZ, Appellant, v STATE OF NEW YORK, Respondent. [779 NYS2d 552]—

In a claim to recover damages for wrongful death, etc., the claimant appeals, as limited by her brief, from so much of an order of the Court of Claims (Mignano, J.), dated June 24, 2003, as granted the defendant's motion to dismiss the claim on the ground that the notice of intention and the amended notice of intention to file a claim failed to provide it with notice of the alleged negligence that caused the wrongful death.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the claim is reinstated.

A notice of intention to file a claim pursuant to Court of Claims Act § 11 (b) must set forth the time and place the claim arose, and the nature of the claim. In describing the general nature of the claim, the notice of intention need not be exact but should provide an indication of the manner in which the claimant was injured and how the State was negligent (*see Cendales v State of New York,* 2 AD3d 1165, 1167 [2003]; *Sega v State of New York,* 246 AD2d 753, 755 [1998]; *Heisler v State of New York,* 78 AD2d 767, 767-768 [1980]), or enough information so that "how the State was negligent can be reasonably inferred" (*Ferrugia v State of New York,* 237 AD2d 858, 859 [1997]) . It must contain "sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" (*Grumet v State of New York,* 256 AD2d 441, 442 [1998], quoting *Heisler v State of New York, supra*).

Here, the amended notice of intention to file a claim stated

that "the wrongful death of Gregory Darby occurred . . . as a result of the negligence of the State of New York as follows: . . . [t]reatment for his condition of congestive heart and the injuries herein sustained took place . . . at DOWNSTATE CORRECTIONAL FACILITY and/or its medical facilities intermittently, upon information and belief from August 1998 through September, 1998." A similar statement was made with respect to treatment received at "THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, DIVISION OF HEALTH SERVICES IN WILLARD, NEW YORK intermittently, upon information and belief, September 1998 through December 15, 1998." Gregory Darby died on December 26, 1998.

Contrary to the determination of the Court of Claims, the statement in the amended notice of intention to file a claim was sufficient to describe a claim for negligent medical treatment received by the decedent for his congestive heart condition. The reasonable inference to be drawn from the language was that the decedent's wrongful death allegedly was the result of the negligent *medical* treatment provided by the State. With the specific information provided, the State could have promptly investigated this claim and ascertained its liability, if any. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.