■ BRIAN DALE KLOS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 105011.) [796 NYS2d 267]—

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered March 12, 2004. The order denied defendant's motion for summary judgment dismissing the claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Claimant, a prison inmate, commenced this action alleging that he was injured as a result of defendant's negligence in failing to provide him with safe weightlifting equipment and in further failing to diagnose and treat the initial injury. Defendant moved for summary judgment dismissing the claim as time-barred. Defendant contended that the notice of intention to file a claim was insufficient to apprise defendant of the nature of the claim, as required by Court of Claims Act § 11 (b). Defendant thus contended that the notice of intention was jurisdictionally defective and ineffective to extend claimant's time for filing the claim pursuant to Court of Claims Act § 10 (3).

The Court of Claims properly denied the motion. Contrary to defendant's contention, the notice of intention was sufficiently specific to apprise defendant of the nature of the claim (*see Rodriguez v State of New York*, 8 AD3d 647 [2004]; *Sinski v State of New York*, 265 AD2d 319 [1999]). The notice of intention specified the date and general location of the incident as well as the manner in which claimant was injured, and thus we conclude that the notice set forth the requisite factual basis for defendant's alleged liability (*see Rhodes v State of New York*, 245 AD2d 791, 792 [1997]). The general manner in which defendant was alleged to have been negligent could be inferred from the foregoing description (*see Rhodes*, 245 AD2d at 792; *Ferrugia v State of New York*, 237 AD2d 858, 859 [1997]), thereby enabling defendant to conduct a prompt investigation of the claim and to ascertain its liability, if any (*see Rodriguez*, 8 AD3d at 648; *Sinski*, 265 AD2d 319 [1999]; *Rhodes*, 245 AD2d at 792; *Ferrugia*, 237 AD2d at 859; *Epps v State of New York*, 199 AD2d 914 [1993]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.