ELLIOT MARKOWITZ, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105735.) [831 NYS2d 302]—

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered July 28, 2005 in a negligence action. The order denied claimant's motion to vacate the note of issue and to compel discovery and granted defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion for summary judgment in part and reinstating the psychiatric malpractice claims upon condition that claimant shall file and serve a certificate of merit under CPLR 3012-a within 30 days of service of a copy of the order of this Court with notice of entry and reinstating the ordinary negligence claims and as modified the order is affirmed without costs.

Memorandum: Claimant, a prison inmate, commenced this action alleging that he was injured as a result of defendant's negligence in confining him in the special housing unit (SHU) without appropriately assessing or treating his mental health needs. Claimant further alleged that, while in the SHU, his condition deteriorated without proper care and, as a result of that lack of care, he severely injured himself by gouging out his right eye. We agree with claimant that the Court of Claims

erred in granting that part of defendant's cross motion for summary judgment dismissing the psychiatric malpractice claims based on claimant's failure to file and serve the certificate of merit required by CPLR 3012-a, and we therefore modify the order accordingly. At this stage of the action, the court instead should have directed claimant to file and serve that certificate (*see Dye v Leve*, 181 AD2d 89, 90 [1992]; *see also Brath v Kenmore Mercy Hosp.*, 198 AD2d 771 [1993]; *Kolb v Strogh*, 158 AD2d 15, 21-22 [1990]). We further agree with claimant that the court erred in granting that part of defendant's cross motion for summary judgment dismissing the ordinary negligence claims inasmuch as the notice of intention to file a claim preserved those claims, as distinguished from the psychiatric malpractice claims, and we therefore further modify the order accordingly. We conclude that claimant's notice of intention to file a claim "set[s] forth the general nature of the claim with sufficient detail to permit [defendant] . . . to investigate the claim and to reasonably infer the basis for its alleged liability" with respect to ordinary negligence (*Rhodes v State of New York*, 245 AD2d 791, 792 [1997]; *see Klos v State of New York*, 19 AD3d 1173 [2005]).

We conclude, however, that the court properly granted that part of defendant's cross motion with respect to the constitutional claim alleging cruel and unusual punishment because there is no language in the notice of intention to file a claim to put defendant on notice of deliberate or intentional acts by its agents (*see Estelle v Gamble*, 429 US 97, 104-105 [1976], *reh denied* 429 US 1066 [1977]). In any event, defendant is not a "person" within the meaning of 42 USC § 1983 and thus is not subject to a claim alleging cruel and unusual punishment in a civil action asserted under that statute based on the deprivation of rights (*see Ferrick v State of New York*, 198 AD2d 822, 823 [1993]; *see also Brown v State of New York*, 89 NY2d 172, 185 [1996]). We have examined claimant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.