Appeal from an order of the Court of Claims (Norman I. Siegel, J.), entered June 27, 2007. The order granted defendant’s motion to dismiss the claim and denied claimants’ cross motion to dismiss the third, fourth, and fifth affirmative defenses.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the claim is reinstated, the cross motion is granted, and the third, fourth, and fifth affirmative defenses are dismissed.
Memorandum: Claimants appeal from an order that granted defendant’s motion to dismiss the claim and denied claimants’ cross motion seeking to dismiss the third through fifth affirmative defenses. We agree with claimants that the Court of Claims erred in granting defendant’s motion based on the third and fifth affirmative defenses alleging, respectively, that the court lacks jurisdiction over the claim because the claim fails to provide an adequate description of the location of the motor vehicle accident and because neither the notice of intention to file a claim nor the claim itself were timely served. Rather, we conclude that the court should have granted claimants’ cross motion.
We address first the third and fifth affirmative defenses, because the court granted defendant’s motion based thereon. With respect to the third affirmative defense, Court of Claims Act § 11 (b) requires that “[t]he claim . . . state the . . . place where such claim arose.” “What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable [defendant] to be able to investigate the claim promptly and to ascertain its liability under the circumstances” *1261 (Heisler v State of New York, 78 AD2d 767, 767 [1980]; see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]). In view of the nature of the claim, i.e., a motor vehicle accident allegedly caused by the negligent driving of defendant’s agent, we conclude that claimants’ description of the specific street where the accident occurred was sufficient to allow defendant to investigate the claim in a prompt manner and to assess its potential liability (see Sinski v State of New York, 265 AD2d 319 [1999]). With respect to the fifth affirmative defense, defendant contended in support of its motion that a “sufficiently specific” notice of claim was not timely served, thus depriving the court of jurisdiction over the claim. As previously concluded, however, claimants sufficiently alleged the location of the accident by indicating the street on which it occurred.
Finally, in its fourth affirmative defense, defendant asserted that claimants failed to comply with Court of Claims Act § 11 “by failing to include any particularization of [defendant’s] conduct” with respect to the incident. The court determined in the final paragraph of its decision that the fourth affirmative defense was “moot” inasmuch as it had granted defendant’s motion to dismiss the claim based on the third and fifth affirmative defenses, but earlier in its decision the court had in fact determined that claimants had provided sufficient information from which the negligence of defendant reasonably could be inferred. We agree with the court that claimants’ allegations were sufficiently specific to enable defendant “to reasonably infer the basis for its alleged liability” (Rhodes v State of New York, 245 AD2d 791, 792 [1997]; see Markowitz v State of New York, 37 AD3d 1106, 1107 [2007]). Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.