■ Kalu Igwe, Appellant, v State of New York, Respondent. [954 NYS2d 574]—

In a claim, inter alia, to recover damages for fraud, the claimant appeals from an order of the Court of Claims (Ferreira, J.), entered August 8, 2011, which granted the defendant's motion to dismiss the claim pursuant to Court of Claims Act §§ 10 and 11 as untimely.

Ordered that the order is affirmed, with costs.

Court of Claims Act § 10 (4) provides, "A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed and served upon the attorney general within six months after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after such accrual."

Here, it is undisputed that the claimant's claim accrued on April 26, 2003. The complaint the claimant filed with the State Attorney General's Office, Bureau of Consumer Frauds and Protection, on October 27, 2003, did not constitute a notice of intention to file a claim (cf. Klos v State of New York, 19 AD3d 1173, 1174 [2005]; Ferrugia v State of New York, 237 AD2d 858, 859 [1997]). Since the claimant did not serve a notice of intention to file a claim within six months after the date of accrual, and did not file and serve a notice of claim upon the Attorney General until May 2009, his claim is time-barred.

The claimant's remaining contentions are without merit.

Accordingly, the Court of Claims correctly granted the defendant's motion to dismiss the claim pursuant to Court of Claims Act §§ 10 and 11 as untimely (see Prisco v State of New York, 62 AD3d 978 [2009]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.