Dominguez v State of New York (2023 NY Slip Op 51521(U))

[*1]

Dominguez v State of New York

2023 NY Slip Op 51521(U)

Decided on January 16, 2023

Court Of Claims

Chaudhry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2023
Court of Claims

Magali Dominguez, Claimant,

against
The State of New York, Defendant.

Claim No. 137468

For Claimant:
ANTHONY J. CUGINI, JR., ESQ. P.C.
By: Anthony J. Cugini, Jr., Esq.
For Defendant:
LETITIA JAMES, New York State Attorney General
By: Joseph E. Scolavino, Assistant Attorney General
and Terrance K. DeRosa, Assistant Attorney General

Zainab A. Chaudhry, J.

Claimant brought this personal injury action against defendant alleging that, in July 2019, she tripped and fell on a sidewalk defect while walking in the City of Yonkers in Westchester County, New York. Defendant moves to dismiss the claim, arguing that this Court lacks subject matter jurisdiction over the claim because it fails to include an adequate description of the incident as required by section 11(b) of the Court of Claims Act (CCA) and, further, that the claim fails to state a cause of action because the State does not maintain the location where the alleged accident occurred.[FN1]
Claimant opposes the motion. For the reasons stated below, defendant's motion is denied.
The Claim Complies with CCA §11(b)
The substantive pleading requirements of CCA § 11(b) are jurisdictional in nature and a [*2]claimant's failure to comply with them constitutes a fatal defect warranting dismissal of the claim for lack of subject matter jurisdiction (see Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski v State of New York, 1 NY3d 201, 206-209 [2003]; see also Nasir v State of New York, 41 AD3d 677, 677 [2d Dept 2007]). As relevant here, CCA § 11(b) requires that a claim state "the time when and place where such claim arose [and] the nature of same." The purpose of this pleading requirement "is to provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" under the circumstances (Sinski v State of New York, 265 AD2d 319, 319 [2d Dept 1999]; see also Lepkowski, 1 NY3d at 207; Laignelet v State of New York, 205 AD3d 795, 795 [2d Dept 2022]). The defendant is not required "to ferret out or assemble information that section 11(b) obligates the claimant to allege" in order to be able to investigate an occurrence (Lepkowski, at 208), but a claim need not be pled with "absolute exactness" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [2d Dept 2020] [alteration omitted], citing Morra v State of New York, 107 AD3d 1115, 1115 [3d Dept 2013]). Rather, in describing the nature of the claim, a claimant's allegations need only be specific enough to permit defendant to conduct a prompt investigation as well as "'sufficiently specific to enable [it] to reasonably infer the basis for its alleged liability'" (Davila v State of New York, 140 AD3d 1415, 1416 [3d Dept 2016], quoting Deep v State of New York, 56 AD3d 1260, 1261 [4th Dept 2008]; see also Rodriguez v State of New York, 8 AD3d 647, 647 [2d Dept 2004] [holding that, with respect to the nature of the claim, a claimant's notice of intention to file "need not be exact but should provide an indication of the manner in which claimant was injured and how the State was negligent, or enough information so that 'how the State was negligent can be reasonably inferred'"], quoting Ferrugia v State of New York, 237 AD2d 858, 859 [3d Dept 1997]).
Here, the claim sets forth with sufficient particularity both the nature of the claim, and when and where it arose. As relevant here, paragraph three of the claim states: "The accident arose on July 28, 2019 at approximately 3:-3:30 pm Yonkers Avenue between Page Avenue and Belmont Avenue, Yonkers, NY on the south sidewalk 1 flag west of the western most portion of the Duo Tapas Bar and Lounge business and building known as 748 Yonkers Avenue, Yonkers, NY" Paragraph three of the claim further alleges that "[s]aid accident occurred while [claimant] was walking along said sidewalk, and was caused to trip and fall and be violently precipitated to the ground as a result of an improper repair, cracked, uneven, raised, depressed, missing, dilapidated and/or deteriorated sidewalk and sidewalk area resulting in severe, personal and permanent injuries." Finally, the claim goes on to allege that the defect was caused by defendant's negligence in the ownership, control, maintenance, inspection, and repair of the sidewalk.
Contrary to defendant's summary characterization of the claim as containing only boilerplate allegations that fail specifically to allege how defendant was negligent, the claim clearly identifies the State's relationship to the area in question and includes more than enough detail for defendant to infer the basis for its alleged potential liability under the circumstances and enable it to investigate the incident without having to "to ferret out or assemble" other information on its own (Lepkowski, 1 NY3d at 208). On its face, in addition to the date and time of claimant's alleged fall, the claim contains a detailed description of the location of the incident, including the exact street address and the name of the restaurant located there—down to the precise sidewalk flag on which claimant allegedly tripped—as well as an allegation regarding the [*3]existence of a sidewalk defect which caused the fall. In addition, the Notice of Intention to File a Claim served on defendant on October 9, 2019—receipt of which is acknowledged by defendant in its affirmation in support of the motion [FN2]
—contained the identical description of the site of the alleged accident and also included two photographs depicting the location, upon which circles were drawn to mark the area where the incident occurred.[FN3]
Further, the nature of the claim against defendant relates directly to its status as the entity alleged in the claim to own, operate, control, and/or have maintenance responsibilities over the sidewalk at issue. Indeed, defendant does not refute the allegation that it owns the subject location, although it asserts that it has no maintenance responsibilities for the area in question, as discussed further below. And defendant cites no authority for its suggestion that the claim must specifically name a state employee to satisfy the requirements of CCA § 11(b). 
In sum, the factual allegations outlined above are specific enough to satisfy CCA § 11(b) inasmuch as they set forth the date, time, and manner in which claimant was injured—namely by tripping and falling as a result of a defect on a precisely defined section of sidewalk alleged to be owned, operated, maintained, or controlled by the State—and "[t]he general manner in which defendant was alleged to have been negligent could be inferred from the foregoing description, thereby enabling defendant to conduct a prompt investigation of the claim and to ascertain its liability, if any" (Klos v State of New York, 19 AD3d 1173, 1174 [4th Dept 2005] [holding claim to be timely where notice of intention to file claim was sufficiently specific to apprise the defendant of nature of claim], citing Rodriguez, 8 AD3d at 647-648;[FN4]
see also Sinski, 265 AD2d at 319 [reversing dismissal of claim given that the gravamen of the "nature of the claim (and) the [*4]description of the location of the occurrence was sufficient to enable the State to investigate the occurrence and determine its liability, if any"]).[FN5]
And even though the underlying claim here is not the most artfully drafted, and contains a number of seemingly broad and boilerplate statements in addition to the relevant and sufficiently specific allegations discussed above, that does not foreclose a conclusion that the claim complied with the pleading requirements of CCA § 11(b) (see Ferrugia, 237 AD2d at 859, citing Fontenelle v State of New York, 90 AD2d 929, 929 [3d Dept 1982]). Accordingly, so much of defendant's motion that seeks dismissal of the claim under CCA § 11(b) is denied.
The Claim States a Cause of Action Against Defendant
Defendant further argues that, even if the claim survives dismissal under CCA § 11(b), it fails to state a cause of action under CPLR 3211(a)(7) because defendant does not have any maintenance jurisdiction over the location where claimant's alleged accident occurred. This branch of defendant's motion is also denied.
When considering a motion under CPLR 3211, the Court must accept the facts as alleged in the claim as true, accord claimant the benefit of every possible favorable inference, and determine only whether the facts as alleged fit into any cognizable legal theory (see Maddicks v Big City Prop., LLC, 34 NY3d 116, 123 [2019], citing Leon v Martinez, 84 NY2d 83, 87-88 [1994]). For motions seeking dismissal under CPLR 3211(a)(7), the standard is "whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [2d Dept 2010] [emphasis added], citing Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). The court may consider evidentiary material submitted by a defendant in support of such a motion, but "the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party" and dismissal is not warranted unless defendant's affidavits "'establish conclusively that [the nonmoving party] has no cause of action'" (Sokol, 74 AD3d at 1181-1182, quoting Lawrence v Miller, 11 NY3d 588, 595 [2008]).
Here, defendant supports its motion with an affidavit by Lynn Jablowsky, P.E., Acting Resident Engineer at the New York State Department of Transportation. Jablowsky's duties include supervising the maintenance and repair of New York State highways located in the southern Westchester County region. Jablowsky states that, in accordance with Highway Law § 349-c, the sidewalk identified in the claim is exclusively maintained by the City of Yonkers and that the Department does not have any maintenance jurisdiction of that location. Defendant further supports its motion with an exhibit consisting of two pages from a document that appears to govern the construction and maintenance of the Cross Westchester Arterial Highway, upon which Jablowsky relies, characterizing it as an "Arterial Maintenance Agreement" with the City of Yonkers. The page of the exhibit entitled "Table of Maintenance Jurisdiction" indicates that the City of Yonkers is to maintain the sidewalks on Yonkers Avenue where the alleged incident occurred, namely, between Page Avenue and Belmont Avenue. But nothing in the table provided indicates that the City's maintenance jurisdiction is exclusive and the entirety of the document or separate maintenance agreement, if any, is not provided.
In any event, regardless of the existence of any such maintenance agreement, the Court of [*5]Appeals has recognized that the State nevertheless retains "the ultimate responsibility for maintenance of arterial highways located in cities" pursuant to Article XII-B of the Highway Law, §§ 349-b through 349-f (City of New York v State of New York, 98 NY2d 740, 742 [2002]; see also Nowlin v City of New York, 81 NY2d 81, 86-87 [1993] [recognizing that Article XII-B "contemplates that the State retains continuing maintenance responsibility for State arterial highways it has constructed"], rearg denied 81 NY2d 1068 [1993]).[FN6]
Although the provisions of Highway Law § 349-c authorize the Commissioner of the Department of Transportation to enter into written agreements with cities for the maintenance and repair of arterial highways (see Highway Law §§ 349-c[7]-[9]), such maintenance and repair is performed "under the supervision and subject to the approval of the [C]ommissioner" (id. § 349-c[7]; see also id. § 349-c[8-a] [providing that State shall defend tort claims arising from arterial maintenance agreements and indemnify cities for any damages awarded, and that nothing in this subdivision "affect[s] the obligation of any claimant to give notice to the [S]tate under section ten of the (CCA)"]). Further, "whenever the [Commissioner] shall deem such maintenance and repair by any such city to be inadequate or unsatisfactory according to the terms of such agreement," the Commissioner may cancel the agreement and "carry out such maintenance and repair in the same manner as other state highways are maintained by the [S]tate" (id. § 349-c[9]). These provisions—and their interpretation by the Court of Appeals—appear to establish the State's ongoing, ultimate oversight responsibility for the maintenance of arterial highways such as that at issue here. Notably, although the Jablowsky affidavit and the attached table of maintenance jurisdiction both reference Highway Law § 349-c, neither Jablowsky nor counsel for defendant provide any discussion or argument about the provisions of section 349-c and their applicability here.
Moreover, as claimant correctly points out, the Jablowsky affidavit does not deny that the State owns the subject property.[FN7]
Indeed, under Article XII-B of the Highway Law, upon the State's expenditure of state or federal funds "for the purchase, design, construction or reconstruction of arterial routes running through cities," the State "thereby attains ownership of such roads" when the construction or improvement is completed and an order is issued by the Commissioner declaring them part of the state arterial system of highways for purposes of maintenance and repair (Nowlin, 81 NY2d at 86, citing Highway Law § 349-d). Further, it is [*6]well established that the State owes a nondelegable duty to keep roadways it owns in a reasonably safe condition, and it may be held liable for breaching that duty "'when [it] is made aware of a dangerous highway condition and does not take action to remedy it'" (Brown v State of New York, 31 NY3d 514, 519 [2018], quoting Friedman v State of New York, 67 NY2d 271, 286 [1986]; see also W.M. Movers, Inc. v State of New York, 177 AD3d 1021, 1022 [2d Dept 2019]). And nothing in this record or defendant's papers rebuts the existence of such a duty here.
In sum, that branch of defendant's motion seeking dismissal under CPLR 3211(a)(7) must be denied inasmuch as defendant has not "'establish[ed] conclusively that [claimant] has no cause of action'" (Sokol, 74 AD3d at 1182, quoting Lawrence v Miller, 11 NY3d at 595; see also Guggenheimer v Ginzburg, 43 NY2d at 275 ["(U)nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate"]).
Accordingly, it is hereby
ORDERED, that Motion No. M-98030 is DENIED in its entirety.
January 16, 2023
Albany, New York
ZAINAB A. CHAUDHRY
Judge of the Court of Claims
Papers Considered:
1.Claim, filed February 8, 2022;
2. Defendant's Notice of Motion, Affirmation in Support of Assistant Attorney General Joseph E. Scolavino, with exhibits, and Affidavit of Lynn Jablowsky, P.E.;
3. Affirmation in Opposition of Anthony J. Cugini, Jr., Esq., with exhibits; and
4. Reply Affirmation of Assistant Attorney General Terrance K. DeRosa.

Footnotes

Footnote 1:To the extent defendant invokes CPLR 3212 in its notice of motion, summary judgment is unavailable where, as here, issue has not yet been joined (see CPLR 3212[a]; Enriquez v Home Lawn Care and Landscaping, Inc., 49 AD3d 496, 497 [2d Dept 2008] [citing City of Rochester v Chiarella, 65 NY2d 92, 101 (1985)], lv dismissed 11 NY3d 851 [2008]).

Footnote 2:In its reply affirmation, defendant points out that the notice of intention to file a claim in this case—although captioned with, addressed to, and served upon the State—makes allegations of negligence only as against the City of Yonkers. Defendant raises no jurisdictional argument in its motion with respect to such notice, however, and this Court cannot sua sponte consider whether the notice sufficed to establish the later filed claim's timeliness (see CCA § 11[c]).

Footnote 3:The claim erroneously states that the photographs were also attached as an exhibit to the claim, but no such exhibit appears to have been attached or filed with the claim. Indeed, claimant's submission in opposition to the motion appears to acknowledge that the photographs were only annexed to the notice of intention to file a claim.

Footnote 4:In the context of considering so much of CCA § 11(b) that requires a claimant to describe with particularity when a claim arose, the Second Department has recently limited language in Rodriguez which suggested that "substantial compliance" with section 11(b) suffices to permit the Court of Claims to exercise jurisdiction over an alleged claim against the State (Sacher v State of New York, 2022 NY Slip Op 07087, 2022 WL 17660520, at *5 [2d Dept 2022] [citing Rodriguez, 8 AD3d at 647, Wharton v City Univ. of NY, 287 AD2d 559, 559 (2d Dept 2001), and Grumet v State of New York, 256 AD2d 441, 442 (2d Dept 1998)]). Notably, however, the Second Department did not overrule those cases or otherwise repudiate Rodriguez's holding that the allegations therein regarding the nature of the claim were sufficient to have allowed the State promptly to investigate the claim and ascertain its liability, if any. In any event, this Court finds claimant has strictly complied with CCA § 11(b).

Footnote 5:The cases defendant relies upon in its submissions are factually distinguishable and do not compel a contrary result here.

Footnote 6:An arterial highway is a roadway "running through a locality and connecting it to [s]tate highways" (Nowlin, 81 NY2d at 86). Highway Law Article XII-B was enacted in 1944 (see L. 1944, ch. 543) "to create a state-wide system for the use of state and federal funds in the construction and modernization of arterial highways" (Albanese v City of New York, 5 NY3d 217, 220 [2005]).

Footnote 7:Although defendant's affirmation in support states in a conclusory manner that the State does not "operate, maintain, or own the situs of the accident alleged in the [c]laim," the notice of motion specifies the ground for dismissal under CPLR 3211(a) as only that the State "does not maintain" the location at issue. Further, the State fails to argue any lack of ownership in either its accompanying memorandum of law or its reply affirmation, even after claimant specifically raised and extensively argued the state ownership issue in opposition. Thus, the Court finds that the State has proffered no factual or legal argument refuting its ownership of the area.