Martinez v State of New York (2023 NY Slip Op 01990)

Martinez v State of New York

2023 NY Slip Op 01990

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2022-02524

[*1]Jose Martinez, appellant,
v
State of New York, respondent. (Claim No. 136839)

Slater Slater Schulman, LLP, Melville, NY (Stephenie Lannigan Bross and Samantha A. Breakstone of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Kwame N. Akosah of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), entered March 11, 2022. The order granted the defendant's motion to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the claim is denied.
Pursuant to the Child Victims Act (L 2019, ch 11), which revived certain civil actions involving the sexual abuse of minors for which the statute of limitations period had otherwise expired (see S.H. v Diocese of Brooklyn, 205 AD3d 180, 186), the claimant commenced this claim against the State of New York to recover damages for, inter alia, negligent hiring, retention, and supervision. The claim alleged that the claimant, a child who had been placed at a certain State-licensed residential group home for foster children, was sexually abused by a named supervisor at the facility two to three times per week from 1994 to 1996.
The defendant moved to dismiss the claim on the ground, among others, that the Court of Claims lacked subject matter jurisdiction because the claim violated the pleading requirements of Court of Claims Act § 11(b) by failing to adequately state the nature of the claim. In an order entered March 11, 2022, the court granted the defendant's motion, holding that the claim was jurisdictionally defective because it did not set forth "details as to how and/or when Defendant received notice of the alleged misconduct," and thereby failed to state "the nature of [the claim]" (Court of Claims Act § 11[b]), thus depriving the defendant of the ability "to conduct an investigation and ascertain its liability." The claimant appeals.
While the State of New York has waived its sovereign immunity from liability (see id. § 8), that waiver "is not absolute, but rather is contingent upon a claimant's compliance with specific conditions placed on the waiver by the Legislature" (Lepkowski v State of New York, 1 NY3d 201, 206; see Kolnacki v State of New York, 8 NY3d 277, 280; Sacher v State of New York, 211 AD3d 867, 868-869). Among those conditions are "the substantive contents that must be included in a valid claim" (Sacher v State of New York, 211 AD3d at 869), which are set forth in [*2]Court of Claims Act § 11(b). That provision requires a claim to specify "(1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Court of Claims Act § 11[b]). The requirements of Court of Claims Act § 11(b) "must be strictly construed," and the failure to satisfy any of those requirements is "a jurisdictional defect mandating dismissal" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; see Kolnacki v State of New York, 8 NY3d at 281; Lichtenstein v State of New York, 93 NY2d 911, 913; Sacher v State of New York, 211 AD3d at 870; Hargrove v State of New York, 138 AD3d 777).
"While Court of Claims Act § 11(b) does not require absolute exactness, it requires a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances" (Grumet v State of New York, 256 AD2d 441, 442 [internal quotation marks omitted]; see Wharton v City Univ. of N.Y., 287 AD2d 559; Cobin v State of New York, 234 AD2d 498, 499). Enabling the State to do so is the "guiding principle informing section 11(b)" (Lepkowski v State of New York, 1 NY3d at 207). The State is not required "to ferret out or assemble information that section 11(b) obligates the claimant to allege" (id. at 208; see Hargrove v State of New York, 138 AD3d at 778). In describing the general nature of the claim, a claim—or a notice of intention to file a claim, which is required to contain the same description as a claim (see Court of Claims Act § 11[b]; Sacher v State of New York, 211 AD3d at 873)—"should provide an indication of the manner in which the claimant was injured and how the State was negligent, or enough information so that how the State was negligent can be reasonably inferred" (Rodriguez v State of New York, 8 AD3d 647, 647 [citations and internal quotation marks omitted]; see Cendales v State of New York, 2 AD3d 1165, 1167).
In this case, we are concerned only with the statutory requirement that the claim set forth "the nature of [the claim]" (Court of Claims Act § 11[b]), since the claimant's purported failure to satisfy that requirement was the sole basis on which the Court of Claims granted the defendant's motion to dismiss the claim, and the defendant does not contend that the order should be affirmed on any other ground. The claim filed in this case contained a description of the nature of the claim that spanned more than three pages.
The claim stated, among other things, that it was brought pursuant to the Child Victims Act, that it was alleging "physical, psychological and emotional injuries/damages suffered as a result of conduct against an infant that constitutes one or more sexual offenses," that the defendant "was responsible for providing for the protection and safety, and to ensure the well-being of New York's children they placed in foster care homes and/or facilities," that the defendant "had a non-delegable duty to use reasonable care in the investigation, licensing, supervision and/or monitoring of foster care homes where they placed children, and/or to develop and/or implement programs, guidelines, procedures and/or oversight to prevent the abuse of children placed within foster care homes," that the alleged perpetrator of the sexual abuse was a supervisor at St. Agatha Home, that "while Claimant was a minor, [the perpetrator], while acting as a counselor, mentor, agent, servant, and/or volunteer of Defendants [sic] herein, sexually abused Claimant on numerous and regular occasions," and that the acts of sexual abuse "occurred approximately two to three times per week from in or around 1994 to 1996, and occurred at a school and residence located on the premises of St. Agatha Home." The claim asserted that the claimant's injuries "arose as a result of the Defendant's negligence, negligent hiring, retention, supervision, and/or direction," and then set forth 11 enumerated ways in which the defendant "breached its duties." The claim then stated that the defendant was legally responsible for "the acts, omissions and negligence of the entities with which it contracts to render services for detained children," for "the acts, omissions and negligence of the entities carrying out Defendant's non-delegable duties," and for "providing protection and safety and to ensure the well-being of the children in Defendant's care by providing childcare services for children who needed same." The claim alleged that the defendant "negligently hired and continued to retain improperly trained and improperly supervised employees and failed to discipline employees who exhibited extremely poor judgement and a dangerous propensity to create and/or allow an environment to develop that placed vulnerable at-risk infants in situations where they were exposed to sexual abuse," that the defendant "negligently hired, trained, supervised, directed and [*3]retained their staff, including employees, agents, officials and/or other members, in that their disposition(s), judgment, training, and direction caused and/or permitted them to be unable to detect, prevent, demonstrate appropriate concern and/or intervene after becoming aware of indicia that the Claimant, and potentially other children under the supervision and care of Defendant were being sexually abused," and that, "[a]s a result of Defendant's negligent hiring, retention, improper training and inadequate supervision of their employees, the Claimant continued to be sexually assaulted" while at foster homes. Finally, the claim alleged that, "[u]pon information and belief, Defendant had actual and/or constructive notice of the aforementioned sexual abuse."
This recitation was sufficient to provide the defendant with an indication of the manner in which the claimant was injured and how the defendant was negligent. The claimant is alleged to have been injured by being sexually abused by the perpetrator continuously over the course of two years, and the defendant is alleged to have been negligent by failing to exercise due care in hiring, retaining and supervising the perpetrator and other St. Agatha Home employees. After reviewing the claim's allegations, the defendant cannot reasonably assert that it is unaware of "the nature of [the claim]" (Court of Claims Act § 11[b]). These allegations provided the defendant with an ample basis upon which to conduct an investigation and ascertain its liability, if any.
The only reason identified by the Court of Claims in the order appealed from, and by the defendant on appeal, for concluding that the claim failed to state the nature of the claim is that, while the claim included an allegation that the defendant had actual or constructive notice of the alleged sexual abuse, it did not supply any "details" as to how the defendant received notice of the alleged abuse. Although the requirements of Court of Claims Act § 11(b) are strict, and jurisdictional in nature, the fact remains that the claim is a pleading, the contents of which are merely allegations. As the defendant correctly contends, "[a] necessary element of a cause of action to recover damages for negligent hiring, retention, or supervision is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d 1053, 1054 [internal quotation marks omitted]; see Kelly G. v Board of Educ. of City of Yonkers, 99 AD3d 756, 757; State Farm Ins. Co. v Central Parking Sys., Inc., 18 AD3d 859, 860). Nonetheless, "[c]auses of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745). The manner in which the defendant acquired actual or constructive notice of the alleged abuse is an evidentiary fact, to be proved by the claimant at trial. In a pleading, "the plaintiff need not allege his [or her] evidence" (Mellen v Athens Hotel Co., 153 App Div 891, 891; cf. Sokol v Leader, 74 AD3d 1180, 1182 [on a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint alleging defamation, "a plaintiff has no obligation to show evidentiary facts to support his [or her] allegations of malice" (internal quotation marks omitted)].
Although the five-pronged pleading standard of Court of Claims Act § 11(b), on the whole, imposes different and more specific mandates than the pleading requirements of the CPLR (see Robin BB. v Kotzen, 62 AD3d 1187, 1188), that does not mean that stating "the nature of [the claim]" should be construed to mean that a claim must set forth not only allegations identifying the nature of the claim but also the evidentiary facts underlying those allegations. The "guiding principle informing section 11(b)" is that the State should be provided with sufficient information to enable it "to investigate the claim[s] promptly and to ascertain its liability under the circumstances" (Lepkowski v State of New York, 1 NY3d at 207 [internal quotation marks omitted). Here, a detailed explanation of how the defendant received notice of the alleged abuse does not constitute information that must be supplied to the defendant to enable it to investigate. The defendant has been provided with the name of the perpetrator and an allegation that the defendant had notice of his sexual abuse of the claimant. Thus, the defendant will not be required to "ferret out" the nature of the claim (id. at 208). Instead, having been advised of the nature of the claim, the defendant will be able to ascertain its liability, if any, by determining whether it did, in fact, know or have reason to know about the alleged abuse.
Claims that were less detailed than the one before us here have been deemed [*4]sufficient to satisfy the "nature of [the claim]" requirement of Court of Claims Act § 11(b) (see e.g. Davila v State of New York, 140 AD3d 1415; Deep v State of New York, 56 AD3d 1260; Morris v State of New York, 27 AD3d 282; Klos v State of New York, 19 AD3d 1173; Rodriguez v State of New York, 8 AD3d 647). The decisions relied upon by the defendant for the proposition that the claim filed in this case failed to state the nature of the claim—Kimball Brooklands Corp. v State of New York (180 AD3d 1031), Clark v State of New York (165 AD3d 1371), and Grumet v State of New York (256 AD2d 441)—are distinguishable. The claims filed in Kimball, Clark, and Grumet did not provide sufficient information to enable the State "to investigate the claim promptly and to ascertain its liability under the circumstances" (Grumet v State of New York, 256 AD2d at 442) because those claims did not identify the negligent act allegedly performed by the State or the basis for its alleged liability. In the present case, by contrast, the claim clearly indicated "the manner in which the claimant was injured and how the State was negligent" (Rodriguez v State of New York, 8 AD3d at 647). The claim provided the defendant with sufficient information to facilitate an investigation of the matters alleged in the claim.
Accordingly, the claim satisfied the statutory requirement that it state "the nature of [the claim]" (Court of Claims Act § 11[b]), and the defendant's motion to dismiss the claim should have been denied.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court