Weichsel v State of New York (2022 NY Slip Op 07257)

Weichsel v State of New York

2022 NY Slip Op 07257

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2022-02751

[*1]Stephanie Weichsel, appellant,
v
State of New York, respondent. (Claim No. 136595)

Powers & Santola, LLP, Albany, NY (Kelly C. Wolford and Michael Hutter of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Stephen J. Yanni of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), dated February 17, 2022. The order granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b).
ORDERED that the order is affirmed, with costs.
In July 2021, the claimant filed a claim against the State of New York, inter alia, to recover damages for negligence, alleging that she was sexually abused by a New York State Trooper from approximately 1999 to 2003. Thereafter, the State moved, inter alia, in effect, pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b). The claimant opposed the State's motion. By order dated February 17, 2022, the Court of Claims granted that branch of the State's motion, determining that the claimant failed to adequately set forth the time when the claim accrued. The claimant appeals.
Court of Claims Act § 11(b) requires a claim to specify "(1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207, quoting Court of Claims Act § 11[b]). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). "[A]bsolute exactness is not required" (Morra v State of New York, 107 AD3d 1115, 1115 [internal quotation marks omitted]; see Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032). However, "the claim must 'provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability'" (Morra v State of New York, 107 AD3d at 1115-1116, quoting Robin BB. v State of New York, 56 AD3d 932, 932 [internal quotation marks omitted]).
Here, the claim alleged that the acts of sexual abuse occurred over a four-year period from "on or about and between approximately 1999 and 2003." These allegations fall short of satisfying the pleading requirements of Court of Claims Act § 11(b) (see Gabbur v State of New York, 202 AD3d 761, 762; Morra v State of New York, 107 AD3d at 1115-1116; Robin BB. v State of New York, 56 AD3d at 932-933). Accordingly, the Court of Claims properly granted that branch of the State's motion which was, in effect, pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b).
The State's remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court