Meyer v State of New York (2023 NY Slip Op 00658)

Meyer v State of New York

2023 NY Slip Op 00658

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-00121

[*1]Claudia Meyer, appellant,
v
State of New York, respondent. (Claim No. 136748)

Phillips & Paolicelli, LLP, New York, NY (Ari L. Taub of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Catherine Leahy-Scott, J.), dated November 23, 2021. The order granted the defendant's motion to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Court of Claims for a new determination of the defendant's motion to dismiss the claim in accordance herewith.
In August 2021, the claimant commenced this claim against the State of New York pursuant to the Child Victims Act (hereinafter the CVA), which "provides, inter alia, that civil actions brought by any person for physical, psychological, or other injury suffered as a result of conduct that would constitute a sex crime, that was committed against such person when they were less than 18 years of age, may now be commenced against any party 'whose intentional or negligent acts or omissions are alleged to have resulted in the commission of [such] conduct' up until the date the plaintiff reaches the age of 55 (CPLR 208[b])" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184). "Prior to enactment of the CVA, the applicable statute of limitations for such actions typically would begin to run when the victim reached the age of 18" (id. at 184; see former CPLR 208 [L 1986, ch 485, § 1]).
The claim alleges that "[s]tarting in approximately 1978," when the claimant was "approximately 13 years old," she was "repeatedly sexually assaulted by Curtis West, an employee of the Ramapo Community Workshop" (hereinafter the Workshop), which was operated by, among others, the State. The purpose of the Workshop was to provide a safe environment and counseling, including drug and alcohol counseling and crisis management, to vulnerable minors such as the claimant. The Workshop took referrals of "troubled and/or at-risk youth" from the Ramapo Justice Court Diversionary Project. The claim alleges that in 1975 the Workshop hired West as a temporary staff member. In 1978, the Workshop hired West as a full-time counselor. The claim alleges that, prior to the sexual misconduct committed by West, West had been dishonorably discharged from the military and had a history of violence and other misconduct. The claim alleges that the State failed to administer a Civil Service Test upon West until 1982, that when it finally administered that test West failed the test, and that he was fired in 1982 for failing the test and for being "too friendly" [*2]with minor females at the Workshop. The claim alleges that eight months after terminating West's employment, the Workshop rehired West.
The claim alleges that West, acting in his capacity as a counselor at the Workshop, manipulated and coerced the claimant to submit to sexual contact with him and duped her into believing that it was a form of treatment and therapy. Starting in 1978 and continuing until 1982, West engaged in sexual misconduct, including intercourse and oral sex, with the claimant "multiple times." The claim alleges that, "[i]n or about 1983," the claimant reported West's sexual misconduct to authorities, and West was thereafter arrested and prosecuted. The claim alleges that West pleaded guilty to rape and was sentenced to a term of imprisonment of 1 to 5 years. The claim alleges causes of action to recover damages for, inter alia, negligent hiring, retention, and supervision, reckless and willful misconduct, and "breach of statutory duties to report."
The State moved to dismiss the claim on the ground, among others, that the claim failed to comply with Court of Claims Act § 11(b) because it did not specify the exact dates on which the alleged sexual abuse occurred. In an order dated November 23, 2021, the Court of Claims granted the State's motion on that ground. In light of its determination, the court did not address the State's remaining grounds for dismissal of the claim. The claimant appeals.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Lepkowski v State of New York, 1 NY3d 201, 206-207). Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) the nature of [the claim]; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d at 207 [internal quotation marks omitted]).
The "guiding principle informing" section 11(b)'s pleading requirements is that the information be sufficiently definite "'to enable the State . . . to investigate the claim[s] promptly and to ascertain its liability under the circumstances'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031 [internal quotation marks omitted]; see Morra v State of New York, 107 AD3d 1115, 1115; Heisler v State of New York, 78 AD3d at 767), but the "Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208). The determination whether a claimant's statement of the "time when" the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim.
Here, the claim is brought under the CVA, which revived the time to commence civil actions based upon certain "conduct which would constitute a sexual offense" committed against children less than 18 years of age (see S.H. v Diocese of Brooklyn, 205 AD3d at 186; Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 98-99), and created a window period running from the effective date of the CVA to two years and six months for civil actions for which the statute of limitations has already expired (see CPLR 214-g). As part of the CVA, Court of Claims Act § 10(10) was amended to reflect that the time limitations set forth in section 10 would not apply to "any claim to recover damages for physical, psychological, or other injury or condition as a result of conduct which would constitute a sexual offense . . . committed against a child less than eighteen years of age." Notably, however, the legislature did not amend the substantive pleading requirements under Court of Claims Act § 11(b), including the requirement that the claimant set forth the "time when" the claim arose (see J.F. v State of New York, 76 Misc 3d 1082, 1085 [Ct Cl]).
The legislative purpose of the CVA is to "remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors [*3]to file civil actions or criminal charges long before they reported or came to terms with their abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 186; see Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7; Assembly Mem in Support of 2015 NY Assembly Bill A10600). The legislature recognized that "'certain abusers—sometimes aided by institutional enablers and facilitators—have been successful in covering up their heinous acts against children'" (S.H. v Diocese of Brooklyn, 205 AD3d at 186, quoting Assembly Mem in Support of 2015 NY Assembly Bill A10600).
Here, given that the alleged sexual abuse occurred more than 40 years ago, when the claimant was a child, "it is not reasonable to expect [the] claimant to be able to provide exact dates when each instance of abuse occurred, nor is it required" (Matter of M.C. v State of New York, 74 Misc 3d 682, 692 [Ct Cl]). Given that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, it is not clear how providing exact dates, as opposed to the time periods set forth in the instant claim, would better enable the State to conduct a prompt investigation of the subject claim (see Lepkowski v State of New York, 1 NY3d at 207; Heisler v State of New York, 78 AD2d at 767). Indeed, this Court has recognized that "in matters of sexual abuse involving minors, as recounted by survivors years after the fact, dates and times are sometimes approximate and incapable of calendrical exactitude" (Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 104; J.F. v State of New York, 76 Misc 3d at 1087).
Under the particular circumstances of this case, the date ranges provided in the claim stating that the sexual abuse commenced in approximately 1978 and occurred "repeatedly" and "multiple times" from approximately 1978 to 1982, during the period in which the claimant was directed to the Workshop to receive counseling, along with other information contained in the claim including, inter alia, that there was a criminal investigation, prosecution, and conviction of West based upon the claimant's complaints of sexual abuse, were sufficient to satisfy the "time when" requirement of Court of Claims Act § 11(b) (see J.F. v State of New York, 76 Misc 3d 1082, Matter of M.C. v State of New York, 74 Misc 3d at 692). We note that our determination that the claimant met the "time when" requirement in the context of this action brought under the CVA does not change our jurisprudence with respect to the "time when" requirement under different contexts, such as where a "single incidence of negligence" occurs on a discrete date or other situations where "a series of ongoing acts or omissions occur[ ] on multiple dates over the course of a period of time" (see Sacher v State of New York, _____ AD3d _____, _____, 2022 NY Slip Op 07087, *3 [2d Dept]).
Accordingly, the Court of Claims should not have granted the State's motion to dismiss the claim on the ground that the claim failed to comply with Court of Claims Act § 11(b) because it did not specify the exact dates on which the alleged sexual abuse occurred. We remit the matter to the Court of Claims for a new determination of the State's motion after consideration of the State's remaining grounds for dismissal of the claim.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court