Wagner v State of New York (2023 NY Slip Op 01546)

Wagner v State of New York

2023 NY Slip Op 01546

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-05741

[*1]Kazel Wagner, appellant,
v
State of New York, respondent. (Claim No. 136558)

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Cleland B. Welton II of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated April 1, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first through fourth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs payable to the claimant.
The claimant commenced this claim against the State of New York pursuant to the Child Victims Act (hereinafter the CVA), inter alia, to recover damages for negligent hiring, retention, and supervision. The claimant alleged in the claim that in 1993, when she was 14 years old, she was sexually abused by a staff member of Sagamore Children's Psychiatric Center (hereinafter Sagamore) while she was admitted as a resident thereof. The claimant alleged that a staff member by the name of "Brian" sexually assaulted her in a "theater" within Sagamore "during gym" class. The claimant alleged that, prior to the date of the incident, the State "learned or should have learned that Brian . . . was not fit to work with children," and that it "became aware, or should have become aware," of Brian's "propensity to commit sexual abuse." As a result of the incident, the claimant allegedly suffered, inter alia, "serious personal injuries, emotional distress, conscious pain and suffering, mental anguish[,] and/or physical manifestations thereof."
Subsequently, the State moved pursuant to CPLR 3211(a) to dismiss the claim. The State argued that the claim failed to comply with the pleading requirements of Court of Claims Act § 11(b), asserting, among other things, that the claimant's allegations did not satisfy the "time when" and "nature of the claim" requirements of the statute. In the alternative, the State argued that the fifth cause of action, to recover damages under a theory of respondeat superior, failed to state a cause of action. The claimant opposed the motion. By order dated April 1, 2022, the Court of Claims granted the State's motion on the ground that the claim failed to comply with the "time when" requirement of Court of Claims Act § 11(b). The claimant appeals.
"Court of Claims Act § 11(b) requires a claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Weichsel v State of New York, 211 AD3d 988, 989 [alterations and internal quotation marks omitted]). A failure to comply with the requirements set forth in section 11(b) of the Court of Claims Act is a jurisdictional defect compelling dismissal of the claim (see Criscuola v State of New York, 188 AD3d 645, 646). "[A] sufficiently detailed description of the particulars of the claim" is necessary because "[t]he purpose of the section 11(b) pleading requirements is . . . to enable [the State] to investigate and promptly ascertain the existence and extent of its liability" (id. at 646 [internal quotation marks omitted]). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Weichsel v State of New York, 211 AD3d at 989 [internal quotation marks omitted]). However, "'absolute exactness is not required,'" so long as the particulars of the claim are detailed in a manner sufficient to permit investigation (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032, quoting Morra v State of New York, 107 AD3d 1115, 1115).
Here, the Court of Claims incorrectly determined that the claimant was required to allege the exact date on which the sexual abuse occurred (see Meyer v State of New York, _____ AD3d _____, 2023 NY Slip Op 00658, *3 [2d Dept]; Fenton v State of New York, __ AD3d __, 2023 NY Slip Op 00650, *3 [2d Dept]). The claimant's allegations, including that the abuse occurred in 1993 while she was 14 years old and attending a gym class at Sagamore, were sufficient to satisfy the "time when" requirement of Court of Claims Act § 11(b) in this claim brought pursuant to the CVA (see Meyer v State of New York, _____ AD3d at _____, 2023 NY Slip Op 00658, *3; Fenton v State of New York, _____ AD3d at _____, 2023 NY Slip Op 00650, *3).
Although the Court of Claims did not address the State's arguments relating to the "nature of the claim" requirement of section 11(b) or to the cause of action to recover under a theory of respondeat superior, we nonetheless address those issues in the interest of judicial economy (see S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 979). Contrary to the State's contention, the claimant's allegations set forth the nature of her claim with sufficient particularity in compliance with Court of Claims Act § 11(b), since she adequately "[stated] the manner in which [she] was injured and how the State was negligent" (Kimball Brooklands Corp. v State of New York, 180 AD3d at 1032 [internal quotation marks omitted]; see Lepkowski v State of New York, 1 NY3d 201, 207; Demonstoy v State of New York, 130 AD3d 1337, 1337-1338; Rodriguez v State of New York, 8 AD3d 647, 647-648; Wharton v City Univ. of N.Y., 287 AD2d 559, 560). However, the State correctly asserted that the cause of action to recover under a theory of respondeat superior was not cognizable as a matter of law and that dismissal thereof was warranted pursuant to CPLR 3211(a)(7) (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251; Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1359, 1360; Matter of Wehr v Brown, 169 AD3d 807, 808).
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court