Davila v State of New York (2023 NY Slip Op 03451)

Davila v State of New York

2023 NY Slip Op 03451

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-02752

[*1]Jose Davila, appellant, 
v
State of New York, respondent. (Claim No. 136836)

Slater Slater Schulman, LLP, Melville, NY (Stephenie Lannigan Bross and Samantha A. Breakstone of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Kwame N. Akosah of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Catherine Leahy-Scott, J.), dated March 1, 2022. The order granted the defendant's motion to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the claim is denied.
This claim, brought pursuant to CPLR 214-g, the Child Victims Act (hereinafter the CVA), alleges that the claimant was sexually abused by a named counselor in 1992 and 1993, while residing at a state-certified boarding school where he was placed while in foster care. The defendant moved to dismiss the claim on the ground, among others, that the Court of Claims lacks subject matter jurisdiction because the claim failed to adequately state the nature of the claim and failed to adequately state the time when the claim arose, as required by Court of Claims Act § 11(b). The court granted the motion to dismiss on the ground that the claim failed to adequately state the nature of the claim. The claimant appeals.
Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207, quoting Court of Claims Act § 11[b]; see Kolnacki v State of New York, 8 NY3d 277, 280). Because suits against the State are allowed only by the State's waiver of sovereign immunity, and are in derogation of the common law, strict compliance with these jurisdictional requirements of section 11(b) is necessary (see Kolnacki v State of New York, 8 NY3d at 280-281). Thus "[a] claimant's failure to sufficiently particularize the nature of its claim constitutes a jurisdictional defect mandating dismissal" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032).
"[T]he claim must provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability" (D.G. v State of New York, 214 AD3d 713, 715 [internal quotation marks omitted]). [*2]"However, absolute exactness is not required, so long as the particulars of the claim are detailed in a manner sufficient to permit investigation" (Wagner v State of New York, 214 AD3d 930, 931 [alteration and internal quotation marks omitted]).
Here, the claim sufficiently provided the defendant with a description of the manner in which the claimant was injured, and how the defendant was negligent in allegedly failing to protect the claimant from sexual abuse while a resident in a state-certified foster care facility. The claimant is not required to set forth the evidentiary facts underlying the allegations of negligence in order to satisfy the section 11(b) "nature of the claim" requirement (Martinez v State of New York, 215 AD3d 815, 819-820). As the claim is sufficiently detailed to allow the defendant to investigate and ascertain its liability, it satisfies the nature of the claim requirement of Court of Claims Act § 11(b) (see Martinez v State of New York, 215 AD3d 815; D.G. v State of New York, 214 AD3d 713).
The defendant further contends that the claim should be dismissed on the ground that it fails to adequately specify the time when the claim arose as required by Court of Claims Act § 11(b). The claim alleges that the claimant was sexually abused repeatedly in 1992 and 1993, on numerous and regular occasions, including conduct taking place in his room three to four times a week. This Court has stated recently in the context of the CVA, that "[w]e recognize that in matters of sexual abuse involving minors, as recounted by survivors years after the fact, dates and times are sometimes approximate and incapable of calendrical exactitude" (Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 104). Thus a claimant commencing a claim pursuant to the CVA is not required to allege the exact date on which the sexual abuse occurred (see Wagner v State of New York, 214 AD3d 930). As the claim here sufficiently alleges the time when the abuse occurred, the Court of Claims properly declined to dismiss the claim on that ground (see Meyer v State of New York, 213 AD3d 753, 757; Fenton v State of New York, 213 AD3d 737, 740-741).
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court