Rodriguez v State of New York (2023 NY Slip Op 04146)

Rodriguez v State of New York

2023 NY Slip Op 04146

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2022-01857

[*1]Brian Rodriguez, appellant,
v
State of New York, respondent. (Claim No. 136683)

Herman Law, P.A., New York, NY (Jeffrey Herman, Stuart Mermelstein, Mark C. Zauderer, and Ira B. Matetsky of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Elizabeth A. Brody of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Catherine Leahy-Scott, J.), dated January 11, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b).
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b) is denied.
In July 2021, the claimant commenced this claim against the State of New York pursuant to the Child Victims Act (hereinafter the CVA) to recover damages for negligence, alleging that, when he was a teenager, he was sexually abused by a State employee while he was admitted to a State-operated psychiatric hospital for inpatient residential treatment. Subsequently, the State moved pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b). The State contended that the Court of Claims lacked subject matter jurisdiction over the claim because the claimant failed to adequately allege the "time when" his claim arose in compliance with Court of Claims Act § 11(b). By order dated January 11, 2022, the claims granted the State's motion, and the claimant appeals.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). Court of Claims Act § 11(b) requires a "claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [alterations and internal quotation marks omitted]).
The "guiding principle informing" section 11(b)'s pleading requirements is that the information be sufficiently definite "'to enable the State . . . to investigate the claim[s] promptly and to ascertain its liability under the circumstances'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks [*2]omitted]; see Morra v State of New York, 107 AD3d 1115, 1115). However, "[t]he Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Meyer v State of New York, 213 AD3d 753, 755; see Fenton v State of New York, 213 AD3d 737, 739).
As part of the CVA, Court of Claims Act § 10(10) was added to reflect that the time limitations set forth in section 10 would not apply to "any claim to recover damages for physical, psychological, or other injury or condition as a result of conduct which would constitute a sexual offense . . . committed against a child less than eighteen years of age." The legislature, however, did not amend the substantive pleading requirements under Court of Claims Act § 11(b), including the requirement that the claimant set forth the "time when" the claim arose (see Meyer v State of New York, 213 AD3d 753; Fenton v State of New York, 213 AD3d 737; Weichsel v State of New York, 211 AD3d 988, 989; J.F. v State of New York, 76 Misc 3d 1082, 1085 [Ct Cl]). Nevertheless, the legislative purpose of the CVA is to "remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 186).
Under the particular circumstances of this case, the date ranges provided in the claim, together with the other information set forth therein, were sufficient to satisfy the "time when" requirement of Court of Claims Act § 11(b). The claimant alleged, among other things, that "[i]n approximately 1987, when [he] was approximately sixteen (16) years old, [he] was admitted to" a State-operated psychiatric hospital "for inpatient residential treatment," and that "[while] admitted to the . . . facility" he was "sexually abused and assaulted" by a staff member on two occasions. Additionally, the claimant identified his alleged abuser in the claim and set forth the details of the two alleged assaults, including the location within the facility where they allegedly occurred. The claimant also alleged that, before the second incident of abuse occurred, he reported to his treating psychiatrist, whom the claimant identified by name, that the alleged perpetrator made the claimant "uncomfortable." "Given that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, it is not clear how providing exact dates, as opposed to the time periods set forth in the instant claim, would better enable the State to conduct a prompt investigation of the subject claim" (Meyer v State of New York, 213 AD3d at 756; see Fenton v State of New York, 213 AD3d at 740). We note, however, "that our determination that the claimant met the 'time when' requirement in the context of this action brought under the CVA does not change our jurisprudence with respect to the 'time when' requirement under different contexts, such as where a 'single incidence of negligence' occurs on a discrete date or other situations where 'a series of ongoing acts or omissions occur[ ] on multiple dates over the course of a period of time'" (Meyer v State of New York, 213 AD3d at 757, quoting Sacher v State of New York, 211 AD3d 867, 872; see Fenton v State of New York, 213 AD3d at 741).
Accordingly, the Court of Claims should have denied the State's motion pursuant to CPLR 3211(a)(2) to dismiss the claim.
CONNOLLY, J.P., WOOTEN and WARHIT, JJ., concur.
CHAMBERS, J., concurs in the result, on constraint, and votes to reverse the order and deny the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b), with the following memorandum:
I concur in the result on constraint of this Court's precedent in Meyer v State of New York (213 AD3d 753), and Fenton v State of New York (213 AD3d 737).
However, in my view, this Court's reliance upon the legislative history of the Child Victims Act (hereinafter CVA) to inform our understanding of section 11(b) of the Court of Claims Act is misplaced. I submit that "[t]he case law that has developed in non-Child Victims Act cases applies equally to Child Victims Act cases" (Doe v MacFarland, 66 Misc 3d 604, 614 [Sup Ct, Rockland County]), absent "any indication that the legislature intended to change that law by [*3]enacting the CVA" (PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 12).
The text of a statute is the "clearest indicator" of legislative intent, and "courts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660; see Matter of Avella v City of New York, 29 NY3d 425, 434). Where a statute's language "is ambiguous[,] or where a literal construction would lead to absurd or unreasonable consequences that are contrary to the purpose of the [statute's] enactment," courts may "[r]esort to legislative history" (Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d 198, 204; see Anonymous v Molik, 32 NY3d 30, 37).
The CVA unambiguously makes no changes to the substantive pleading requirements under 11(b) of the Court of Claims Act, and instead amends only section 10 of that Act (see L 2019, ch 11, § 7). Neither the language of the CVA, nor the language of the Court of Claims Act, supports giving a different meaning to section 11(b)'s "time when" requirement in the context of actions brought under the CVA, as distinguished from actions brought in different contexts.
Moreover, enforcing the substantive requirements of Court of Claims Act § 11(b) is not "contrary to the purpose" of the CVA's enactment (Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d at 204). There is no question that a plaintiff who brings an action relating to child sexual abuse which occurred many years ago will often have extraordinary difficulty in recounting the details of that abuse. But the statute at issue does not purport to address this concern; rather, it is primarily focused on extending the statute of limitations and reviving claims that would otherwise be time-barred (see L 2019, ch 11, §§ 3-9). The legislative materials reflect a recognition that child victims of sexual abuse may be "justifiably delayed in otherwise timely taking action against their abusers and/or those who facilitated their abuse" (New York Committee Report, 2015 NY Assembly Bill A10600), and that "thousands of survivors are unable to sue or press charges against their abusers, who remain hidden from law enforcement and pose a persistent threat to [the] public" (Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7; see S.H. v Diocese of Brooklyn, 205 AD3d 180, 186). Notwithstanding the hurdles that plaintiffs will face in pursuing claims predicated on decades-old allegations of abuse, the CVA is silent regarding any change in the quantum of proof or the specificity of the pleadings needed to successfully pursue such claims.
The State has an interest in promptly and efficiently resolving claims brought against it, regardless of the age of the incident that gives rise to the claim. The State's liabilities as well as its litigation expenses are, ultimately, borne by the taxpayers of New York (see generally Krohn v New York City Police Dept., 2 NY3d 329, 335; O'Connor v City of New York, 58 NY2d 184, 192; Sharapata v Town of Islip, 56 NY2d 332, 338). An accurate and specific claim serves to enable the State to promptly evaluate its exposure to liability (see Lepkowski v State of New York, 1 NY3d 201, 207), in order to minimize such costs. It also allows for claimants with meritorious claims to be compensated as soon as possible after coming forward, even if the abuse happened long ago. The claim requirements "serve to allow [a] [s]tate time to settle meritorious claims, time to adequately investigate the incident and an opportunity to anticipate fiscal indebtedness" (De Rose v New Jersey Tr. Rail Operations, 165 AD2d 42, 44; see Matter of Brown v Board of Trustees of Town of Hamptonburg, School Dist. No. 4, 303 NY 484, 490).
Here, the information contained in the claim does not enable the State to perform a meaningful investigation into the claim. The claim informs the State that on two occasions between 1987 and 1989, the claimant was sexually abused and assaulted by a staff member at a certain state facility, and that at some point between the first incident and the second incident, the claimant told his treating psychiatrist that the assailant made him uncomfortable. Even though the claim includes the specific name of the facility and the psychiatrist, without a more specific indication of the time when the abuse occurred, or when the State was purportedly put on notice of the threat that the assailant posed to the claimant, the State is left "to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208).
Thus, while I concur in the result reached by my colleagues, I do so only under constraint of this Court's precedent.
ENTER:
Maria T. Fasulo
Clerk of the Court