Brown v State of New York (2023 NY Slip Op 04997)

Brown v State of New York

2023 NY Slip Op 04997

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-02529

[*1]Linda Brown, appellant,
v
State of New York, respondent. (Claim No. 136884)

Slater Slater Schulman LLP, New York, NY (Stephenie Lannigan Bross and Samantha A. Breakstone of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), dated February 24, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim is denied.
In August 2021, the claimant commenced this claim pursuant to the Child Victims Act (see CPLR 214-g) against the defendant, inter alia, to recover damages for negligent hiring, retention, and supervision. The claim alleged that the claimant, who had been placed in a group home for foster children when she was a child, was sexually abused by two named counselors at the facility from approximately 1976 to 1978. The defendant moved pursuant to CPLR 3211(a) to dismiss the claim on the ground, among others, that the Court of Claims lacked subject matter jurisdiction because the claim violated the pleading requirements of Court of Claims Act § 11(b). The claimant opposed the motion. The court granted the defendant's motion on the ground that the claimant failed to adequately state the nature of the claim by not indicating how the defendant received notice of the alleged abuse. The claimant appeals.
Court of Claims Act § 11(b) requires a claim to specify: "(1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Weichsel v State of New York, 211 AD3d 988, 989 [alterations and internal quotation marks omitted]; see Court of Claims Act § 11[b]). These statutory requirements are "strictly construed," and a failure to comply with any of those requirements "constitutes a jurisdictional defect mandating dismissal" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]). The purpose of the pleading requirements is to provide "a sufficiently detailed description of the particulars of the claim" so that the defendant can "investigate and promptly ascertain the existence and extent of its liability" (Criscuola v State of New York, 188 AD3d 645, 646 [internal quotation marks omitted]). "However, absolute exactness is not required, so long as the particulars of the claim are detailed in [*2]a manner sufficient to permit investigation" (Wagner v State of New York, 214 AD3d 930, 931 [alterations and internal quotation marks omitted]; see Lepkowski v State of New York, 1 NY3d 201, 207).
Contrary to the Court of Claims' determination, the claim set forth the nature of the claim with sufficient detail to allow the defendant to investigate the claim in a prompt manner and to assess its potential liability (see Martinez v State of New York, 215 AD3d 815, 818-819; Wagner v State of New York, 214 AD3d at 932). The claimant's failure to provide a detailed explanation of how the defendant received notice of the alleged abuse is not necessary to enable the defendant to investigate the claim (see Martinez v State of New York, 215 AD3d at 819; Wagner v State of New York, 214 AD3d at 932). Accordingly, the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim should have been denied.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court