Ford v State of New York (2023 NY Slip Op 05124)

Ford v State of New York

2023 NY Slip Op 05124

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-01253

[*1]Tina Ford, appellant, 
v
State of New York, respondent. (Claim No. 136721)

Herman Law, P.A., New York, NY (Jeffrey Herman, Mark C. Zauderer, Ira B. Matetsky, and Stuart Mermelstein of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Elizabeth A. Brody of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), dated January 3, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim is denied.
The claimant commenced this claim against the State of New York, inter alia, to recover damages for negligent hiring, retention, and supervision pursuant to the Child Victims Act, which revived certain civil actions involving the sexual abuse of minors for which the statute of limitations period had otherwise expired. The claimant alleged that, "in approximately 1997 when [she] was approximately fifteen (15) years old," she was placed in a certain residential facility by the State for "juvenile detention and/or supervision," where she was sexually abused by a man named Mr. Benjamin. Benjamin allegedly was a "music teacher, staff member, agent, and/or employee" at the facility. The claimant further alleged that "[s]hortly after" her arrival at the facility, Benjamin "transported [her] to a local motel, drugged [her] and sexually assaulted [her]." The State allegedly "knew or should have known that [Benjamin] was unfit, dangerous, and a threat to the health, safety, and welfare of the minors entrusted to his counsel, care, and/or protection" and "failed to institute corrective measures or to exercise reasonable oversight, or to advance policies, procedures, and/or
training to prevent foreseeable sexual abuse in . . . [the facility]." As a result of the incident, the claimant allegedly suffered "severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life."
Subsequently, the State moved pursuant to CPLR 3211(a)(2) to dismiss the claim. The State argued, inter alia, that the claim failed to comply with the pleading requirements of Court of Claims Act § 11(b), as the claimant's allegations did not satisfy the "time when" requirement of the statute. By order dated January 3, 2022, the Court of Claims granted the defendant's motion on that ground. The claimant appeals.
"'Court of Claims Act § 11(b) requires a claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed'" (Wagner v State of New York, 214 AD3d 930, 931, quoting Weichsel v State of New York, 211 AD3d 988, 989; see Martinez v State of New York, 215 AD3d 815, 816). "A failure to comply with the requirements set forth in section 11(b) of [*2]the Court of Claims Act is a jurisdictional defect compelling dismissal of the claim" (Wagner v State of New York, 214 AD3d at 931; see Meyer v State of New York, 213 AD3d 753, 756; Fenton v State of New York, 213 AD3d 737, 739). "[A] sufficiently detailed description of the particulars of the claim" is necessary because "[t]he purpose of the section 11(b) pleading requirements is . . . to enable the State to investigate and promptly ascertain the existence and extent of its liability" (Wagner v State of New York, 214 AD3d at 931 [internal quotation marks omitted]; see Fenton v State of New York, 213 AD3d at 739). "[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Wagner v State of New York, 214 AD3d at 931 [internal quotation marks omitted]; see Lepkowski v State of New York, 1 NY3d 201, 206-207). "However, '[a]bsolute exactness is not required,' so long as the particulars of the claim are detailed in a manner sufficient to permit investigation" (Wagner v State of New York, 214 AD3d at 931, quoting Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]).
Here, the Court of Claims incorrectly determined that the claim was insufficient to satisfy Court of Claims Act § 11(b)'s "time when" requirement (see Fletcher v State of New York, 218 AD3d 647, 650; Meyer v State of New York, 213 AD3d at 756; Fenton v State of New York, 213 AD3d at 740). The claimant's allegations, including that the abuse occurred in approximately 1997 when she was approximately 15 years old by a named employee of the facility shortly after her arrival at the facility, provided sufficient information to enable the State to investigate and ascertain its liability under the circumstances (see Fletcher v State of New York, 218 AD3d at 650; Davila v State of New York, 217 AD3d 921, 923; Meyer v State of New York, 213 AD3d at 755; Fenton v State of New York, 213 AD3d at 739-740).
The defendant's remaining contention is without merit.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court