Curtis M. v State of New York (2023 NY Slip Op 23419)

[*1]

Curtis M. v State of New York

2023 NY Slip Op 23419

Decided on November 27, 2023

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 27, 2023
Court of Claims

Curtis M., Claimant,

against
The State of New York, Defendant.

Claim No. 136737

For Claimant:
Herman Law
By: Stuart Mermelstein and Scott M. Dulquin, Esqs.
For Defendant:
Hon. Letitia A. James, Attorney General
of the State of New York
By: Antonella Papaleo, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion to Renew, Affirmation & Exhibits Annexed 1-6
Affirmation in Opposition 7
Upon the foregoing papers and for the following reasons, the Motion by Claimant Curtis M. (hereinafter "claimant"), for leave to renew a prior motion to dismiss filed by Defendant State of New York (hereinafter "State"), is granted and, upon renewal, the State's prior motion is hereby denied as provided hereinbelow.
By Claim filed August 4, 2021, claimant commenced the instant Child Victims Act ("CVA") case against the State, alleging that from about 1984 to 1986, when he was 14 to 16 years old, he was sexually abused and assaulted by one Edward Michael Murphy, an employee at [*2]the Melville House Group Home, a State-run "residential care and juvenile detention" facility in Suffolk County, New York (Claim at 2, 6,7 ¶¶ 4, 8, 31, 33). Thereafter, by Motion to Dismiss filed on September 17, 2021, the State moved pre-answer to dismiss the Claim pursuant to CPLR 3211(a)(2), arguing that claimant failed to comply with Court of Claims Act § 11(b) as to the time of the alleged incident. In a Decision and Order dated April 11, 2022, the Court of Claims (Soto J.) dismissed the Claim for lack of subject matter jurisdiction, finding that it did not specifically define the "time when" his claim arose as required by Court of Claims Act § 11(b) (see M. v State of New York, Ct Cl, May 12, 2022, Soto, J., Claim No. 136737, M-97247). 
On June 10, 2022, the claimant filed a Notice of Appeal to the Appellate Division, Second Department, with respect to Judge Soto's May 12, 2022 Decision and Order, which appears to be currently sub judice. Commencing June 30, 2022, following the retirement of Judge Soto, all matters and motions currently pending before her were reassigned to the Undersigned. 
Now, by Notice of Motion filed March 6, 2023, claimant moves for leave to renew his opposition to the prior Motion to Dismiss pursuant to CPLR 2221(e), arguing that the Appellate Division, Second Department, has issued two recent decisions within the CVA context, Fenton v State of New York (213 AD3d 737 [2d Dept 2023]) and Meyer v State of New York (213 AD3d 753 [2d Dept 2023]), which represent a change in law that would yield a different determination in this case. According to the claimant, both Fenton and Meyer were CVA claims where the Appellate Division held that cases involving child sexual abuse that occurred more than forty years ago, during those claimants' infancy, alleging date ranges of two to four years, were sufficient to meet the minimal pleading requirement of Court of Claims Act § 11(b). Claimant argues that the information in the instant Claim share strong parallels to Fenton and Meyer in that the claimant in this case was sexually abused for a two-year period from 1984 to 1986, similar to the time period stated in Fenton, and as in Fenton and Meyer, the claimant was abused on multiple occasions while residing in the facility.
By Affirmation in Opposition filed June 26, 2023, the State opposes the claimant's Motion, arguing that he failed to demonstrate that there is new law applicable to his Claim as required by CPLR 2221(e)(2). Namely, the State points to another case, Weischel v State of New York (211 AD3d 988 [2d Dept 2022]), where the same appellate court dismissed a CVA claim pursuant to Court of Claims Act § 11(b) based on the claim's failure to specify the time when the alleged abuse occurred by only providing a four-year period between approximately 1999 and 2003. According to the State, the facts in Weischel are more similar to the instant Claim than the ones in Fenton and Meyer. Unlike Fenton and Meyer, the State contends that there is no allegation that claimant here reported the abuse contemporaneously with its happening, that an investigation ensued, or that there was information about the perpetrator the State was on notice of or should have been aware of. The State concludes by arguing that claimant cannot successfully argue that those decisions would have yielded a different result here.
Upon reading all the papers herein, this Court disagrees with the State.
The Child Victims Act revived the time to commence civil actions against individuals and entities based upon certain "conduct which would constitute a sexual offense" committed by them against children less than 18 years of age (CPLR 214-g; see Fenton v State, 213 AD3d at 739; Meyer v State, 213 AD3d at 754; S.H. v Diocese of Brooklyn, 205 AD3d 180, 186 [2d Dept [*3]2022]; Pisula v Roman Catholic Archdiocese of NY, 201 AD3d 88, 98-99 [2d Dept 2021]). In addition to enacting CPLR 214-g, the New York State Legislature amended Court of Claims Act § 10 to specify that the time limitations contained therein did not apply to claims brought pursuant to the Child Victims Act (see L 2019, ch 11 § 7 [codifying Court of Claims Act § 10[10]; see J.F. v State of New York, 76 Misc 3d 1082 [Ct Cl, Vargas, J., August 30, 2022]). However, the Legislature did not amend the substantive pleading requirements of Court of Claims Act § 11(b) as it relates to Child Victims Act claims (see González v State of New York, UID No. 2022-058-012 [Ct Cl, Leahy-Scott, J. January 10, 2022]; J.F. v State of New York, 76 Misc 3d at 1085).
Specifically, Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State, 1 NY3d 201, 207 [2003]; see Kolnacki v State of New York, 8 NY3d 277, 280 [2007]; González v State, supra, Claim No. 136780). "Although 'absolute exactness' is not required, the claim must 'provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability'" (Morra v State of New York, 107 AD3d 1115, 1116 [3d Dept 2013]; see Criscuola v State of New York, 188 AD3d 645 [2d Dept 2020]; Sharief v State of New York, 164 AD3d 851 [2d Dept 2018]). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999], quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]).
A motion to renew must be based upon new facts, not offered on the prior motion, that would change the prior determination or shall demonstrate that "there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Johnson v State of New York, 95 AD3d 1455 [3d Dept 2012]). '"[C]larification of the decisional law is a sufficient change in the law to support renewal"' (McLaughlin v Snowlift, Inc., 214 AD3d 720, 721 [2d Dept 2023]; Dinallo v DAL Elec., 60 AD3d 620 [2d Dept 2009]).
Applying these principles to the matter at bar, the claimant has sufficiently established grounds for renewal of the prior Decision & Order dated April 11, 2022. Although the Court of Claims granted the State's prior motion because the claimant did not adequately plead the "time when" the Claim arose (see M. v State, supra), the Appellate Division's decisions in Fenton and Meyer clearly permitted "date ranges" allegations as sufficient for jurisdictional pleading purposes under Court of Claims Act § 11 (R.F. v State of New York, — Misc 2d —, 2023 NY Slip Op 23260 [Ct Cl, Vargas, J., Aug. 21, 2023]). Particularly, the Appellate Division found in both cases that "given that the alleged sexual abuse occurred more than 40 years ago, when the claimant was a child, 'it is not reasonable to expect [the] claimant to be able to provide exact dates when each instance of abuse occurred, nor is it required'" (Fenton v State, 214 AD3d at 740, quoting Matter of M.C. v State of New York, 74 Misc 3d 682, 692 [Ct Cl 2022]; Meyer v State, 213 AD3d at 756). Rather, "the CVA allows claimants to bring civil action decades after the alleged sexual abuse occurred, [so] it is not clear how providing exact dates, as opposed to the time periods set forth in the instant claim, would better enable the State to conduct a prompt [*4]investigation" (id. [emphasis in original]; see Wagner v State of New York, 214 AD3d 930 [2nd Dept 2023]).
Contrary to the State's contention, the facts in the instant case are more closely aligned to the appellate court analysis in Fenton and Meyer. The Court notes that both cases were decided only two months after the Second Department in Weichsel found that alleged acts of sexual abuse occurring over a four year period fall short of satisfying the pleading requirements of Court of Claims Act § 11(b). However, the Weichsel claim involved sexual allegations "by a New York State Trooper" in his police car and at unnamed barracks throughout the State (Weischel v State, 211 AD3d at 989). Here, claimant alleges that in 1984, he was in the custody of the New York State Division of Youth and placed in the Mellville group home for two years, where he was sexually abused on multiple occasions by staff member Murphy (see Claim at 2, 6, ¶¶ 7, 8, 33). Unlike Weichsel, claimant goes on to provide further details as to the sexual acts performed on him as well as the various places where the abuse occurred. This Court concurs with claimant's contention that since the abuse on which the Claim is based happened over 35 years ago, the Claim reflects claimant's best recollection of the abuse and the surrounding facts. 
Essentially, the Fenton and Meyer holdings have set the standard that, given the remoteness of the incidents, a CVA claimant is not required to allege an exact date of abuse, but may provide a range of dates. Thus, claimant's reliance on these cases to support the instant motion is correct, as there is a sufficient change in the decisional law to support a renewal of the State's motion to dismiss. In consideration of new decisional law, the Court finds that the claimant has pled a date range in compliance with the recent Second Department's rulings, and the Claim thus satisfies the "time when" and the other requirements of Court of Claims Act § 11(b).
Based on the foregoing, the Court grants the claimant's Motion to Renew (Motion No. M-99192) and Judge Soto's prior Decision and Order filed May 12, 2022, dismissing the underlying Claim, is vacated. Upon renewal, the State's Motion to Dismiss (Motion No. M-97247) is denied, and Claim No. 136737 is hereby restored to the calendar. A conference shall be scheduled forthwith.
New York, New York
November 27, 2023
Hon. JAVIER E. VARGAS
Judge of the Court of Claims