Johnson v State of New York (2024 NY Slip Op 04949)

Johnson v State of New York

2024 NY Slip Op 04949

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00081

[*1]Jason Johnson, appellant,
v
State of New York, respondent. (Claim No. 135485 )

David J. Hernandez, Brooklyn, NY (Mark A. Longo of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated June 24, 2021. The order denied the claimant's cross-motion pursuant to Court of Claims Act § 10(8)(a) to treat the notice of intention to file a claim as a claim or, in the alternative, for leave to file a late claim pursuant to Court of Claims Act § 10(6), and directed dismissal of the claim.
ORDERED that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, that branch of the claimant's cross-motion which was pursuant to Court of Claims Act § 10(8)(a) to treat the notice of intention to file a claim as a claim is granted, that branch of the claimant's cross-motion which was for leave to file a late claim pursuant to Court of Claims Act § 10(6) is denied as academic, and the claim is reinstated.
Jason Johnson (hereinafter the claimant), who was an inmate at the Green Haven Correctional Facility in Dutchess County, allegedly was stabbed in the left eye by a fellow inmate. The claimant brought this claim against the State of New York to recover damages for alleged negligent supervision. The claimant filed his notice of intention to file a claim (hereinafter NOI) within the initial 90-day statutory period. By order to show cause dated April 21, 2021, the Court of Claims directed the parties to submit documentary evidence and affidavits relating to service of the claim by June 16, 2021. The claimant cross-moved pursuant to Court of Claims Act § 10(8)(a) to treat the NOI as a claim or, in the alternative, for leave to file a late claim pursuant to Court of Claims Act § 10(6). By order dated June 24, 2021, the court denied the cross-motion and directed dismissal of the claim. The claimant appeals.
Court of Claims Act § 10(8)(a) provides that a court may grant an application to treat an NOI as a claim if, among other things, the NOI "was timely served, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant." Court of Claims Act § 11(b) requires a claim to specify: (1) the nature of the claim; (2) the time when it arose; (3) the place where the claim arose; (4) the items of damage or injuries claimed; and (5) the total sum claimed (see Brown v State of New York, 220 AD3d 703, 704). While section 11(b) does not require "absolute exactness," the "guiding principle informing" section 11(b) pleading requirements is whether the State is "able to investigate the claim promptly and to ascertain its [*2]liability under the circumstances" (Martinez v State of New York, 215 AD3d 815, 816-817 [internal quotation marks omitted]; see Meyer v State of New York, 213 AD3d 753, 755; Grumet v State of New York, 256 AD2d 441, 442). "In describing the general nature of the claim, . . . or a notice of intention to file a claim, . . . [it] 'should provide an indication of the manner in which the claimant was injured and how the State was negligent, or enough information so that how the State was negligent can be reasonably inferred'" (Martinez v State of New York, 215 AD3d at 817, quoting Rodriguez v State of New York, 8 AD3d 647, 647 [citations omitted]).
Here, contrary to the defendant's contention, the claimant provided sufficient details to meet the requirements outlined in Court of Claims Act § 11(b), including the nature of the claim and the alleged act of negligence by the State (see Martinez v State of New York, 215 AD3d at 820; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). Under the totality of the circumstances of this case, the Court of Claims should have granted that branch of the claimant's cross-motion which was pursuant to Court of Claims Act § 10(8)(a) to treat the NOI as a claim.
The parties' remaining contentions have been rendered academic in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court