Romero v State of New York

2026 NY Slip Op 01997

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jill Romero, appellant,

v

State of New York, respondent. (Claim No. 134496)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-00078

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

The Vessa Law Firm (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.

Letitia James, Attorney General, New York, NY (Mark S. Grube and Anagha Sundararajan of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Carmen Victoria St. George, J.), dated November 13, 2024. The order granted the defendant's motion for summary judgment dismissing the claim.

ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the claim is denied.

In March 2020, the claimant commenced this claim against the defendant to recover damages for personal injuries that she allegedly sustained as a result of a motor vehicle accident involving a vehicle owned by the defendant. The defendant interposed an answer in which it asserted, as an affirmative defense, that the Court of Claims lacked subject matter jurisdiction because the claimant failed to comply with the pleading requirements of Court of Claims Act § 11(b). Following discovery and the filing of a note of issue, the defendant moved for summary judgment dismissing the claim for lack of subject matter jurisdiction based on the claimant's failure to comply with Court of Claims Act § 11(b). The claimant opposed the motion. In an order dated November 13, 2024, the Court of Claims granted the defendant's motion.

Court of Claims Act § 11(b) provides, inter alia, that "[t]he claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, [among other things,] the total sum claimed" (see Ferro v State of New York, 241 AD3d 1440; Sacher v State of New York, 211 AD3d 870, 873). The failure to satisfy any of the requirements of Court of Claims Act § 11(b) is a jurisdictional defect mandating dismissal of the claim (see Kolnacki v State of New York, 8 NY3d 277, 281; Martinez v State of New York, 215 AD3d 815, 816). "While Court of Claims Act § 11(b) does not require absolute exactness, it requires a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances" (Martinez v State of New York, 215 AD3d at 816 [internal quotation marks omitted]). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and [*2]specificity of allegations set forth in the claim" (Meyer v State of New York, 213 AD3d 753, 755).

Here, the claimant's statement of the "time when" the claim arose, which set forth the exact date of the accident, was sufficiently definite to enable the defendant to investigate and ascertain its liability under the circumstances (see Williams v State of New York, 238 AD3d 963, 964).

Accordingly, the Court of Claims should have denied the defendant's motion for summary judgment dismissing the claim.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court